DWIGHT KELSEY v. STATE.

214 N. W. 2d 236.

January 4, 1974—Nos. 44020, 44032.

*Dwight W. Kelsey,* pro se, and *C. Paul Jones,* State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Gary W. Flakne,* County Attorney, and *Vernon E. Bergstrom, Michael McGlennen,* and *Theodore R. Rix,* Assistant County Attorneys, for respondent.

PER CURIAM.

Petitioner, whose jury conviction for attempted first-degree murder, Minn. St. 609.17 and 609.185(1), was affirmed by this court in State v. Kelsey, 293 Minn. 397, 196 N. W. 2d 287 (1972), now appeals from the denial of postconviction relief and of a new trial contending (1) that the trial court erred in refusing to accept a negotiated plea of guilty, made before any witnesses were sworn, to a reduced charge of aggravated assault, § 609.225; and (2) that the trial court erred in discussing a matter with a juror in counsel's presence but outside of petitioner's presence. Both of these issues should have been raised on appeal from the judgment since there is no factual dispute and thus no need for a postconviction evidentiary hearing. Moreover, neither of the issues was

raised in the petition for postconviction relief. Nevertheless, we have considered both issues and affirm the postconviction court.

The rule is that a trial court may not accept a guilty plea unless it is first satisfied that, among other things, the plea is supported by an adequate factual basis. In other words, there must be sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty. In this case petitioner, although admitting that he scuffled with the victim, denied that he had used a dangerous weapon or inflicted great bodily harm upon the victim. This was all that the trial court had before it in the nature of a factual basis. Under such circumstances, there was not a sufficient factual basis to justify accepting a guilty plea. See, State v. Weigold, 281 Minn. 73, 160 N. W. 2d 577 (1968). Our holding is in no way inconsistent with our prior holdings in cases such as State v. Fisher, 292 Minn. 453, 193 N. W. 2d 819 (1972), that if there is some other evidence establishing a factual basis for a plea of guilty, the trial court may accept a plea even though the defendant cannot bring himself to admit that he is guilty.

Petitioner's other claim relates to the fact that after the jury was sworn but before any witnesses had testified, the trial court, in the presence of counsel, held an on-the-record in-chambers discussion with one of the jurors. In this discussion, the juror related that about 1½ or 2 years earlier a person he had worked with closely had been killed by an intruder; the juror stated that he had not immediately remembered this the day before when the judge had questioned the entire panel about friendships with victims of crimes of violence. In response to questioning, this juror stated that he felt he could be fair. No challenge was made to this juror and the case then proceeded to trial. Petitioner contends that he should have been present and that his absence prejudiced him. We believe that although petitioner should have been present during this discussion, he was in no way prejudiced by not being present. Had petitioner been present, he could not have exercised a peremptory challenge at that time because the jury panel had already been sworn. State v. Mastrian, 285 Minn. 51, 171 N. W. 2d 695 (1969), certiorari denied, 397 U. S. 1049, 90 S. Ct. 1381, 25 L. ed. 2d 662 (1970). More important, the record of what transpired reveals no basis whatever for believing that there was any actual bias on the juror's part justifying the granting of a motion for mistrial, had such a motion been made.

The other issues raised by petitioner were either disposed of in State v. Kelsey, *supra,* or are such as do not warrant discussion.

Affirmed.

Mr. Chief Justice Sheran, not having been a member of this court at at the time of the submission, took no part in the consideration or decision of this case.

Mr. Justice Scott took no part in the consideration or decision of this case.