CITY OF ST. PAUL v. RAYMOND C. HILGER.

220 N. W. 2d 350.

May 24, 1974—No. 44065.

*John S. Connolly* and *John L. Connolly,* for appellant.

*Warren Spannaus,* Attorney General, *William B. Randall,* County Attorney, *R. Scott Davies,* City Attorney, and *A. Keith Hanzel* and *Thomas R. Hughes,* Assistant City Attorneys, for respondent.

PER CURIAM.

This is an appeal from judgment of conviction of petty theft in violation of St. Paul Legislative Code, § 426.01. The prosecutions, for both petty theft and disorderly conduct (of which latter charge the jury ac-

quitted defendant), grew out of a shoplifting incident occurring at a downtown St. Paul department store. Defendant raises a number of issues, none of which merits extended discussion.

First, defendant contends that the trial court erred in refusing to dismiss a particular juror for cause when it appeared that this juror was acquainted with a key prosecution witness, namely, a store detective who arrested defendant. We have considered this contention carefully. All that the record shows is that this juror on a number of occasions had seen the witness at a bar which he frequented. The juror, who on his own informed the court of this acquaintance, testified that it would not prevent him from being fair and impartial. Under these circumstances, we believe that the trial court did not err in refusing the challenge for cause under Minn. St. 631.30.

Defendant's second contention is that admission into evidence of a package of razor blades along with the other items he allegedly took deprived him of a fair trial because the package was a duplicate package which store employees had substituted for the original. It appears that the reason for the substitution was the inability of store employees to find all the blades in the original package which defendant had thrown when arrested. Although the substitution was improper, we do not see how it could have prejudiced defendant. Not only was the jury aware of the substitution, but defendant did not deny that he had blades owned by the store in his possession when arrested (his defense being that he had planned to pay for them).

With respect to defendant's third contention, that the trial court erred in refusing to permit defendant to question a character witness concerning defendant's reputation for veracity, we need only say that the trial court did not abuse its discretion in determining that defendant had failed to establish sufficient foundation for that evidence.

Finally, although we agree with defendant that the prosecution may have erred in referring as it did in closing argument to defendant's criminal record ("He's a mild mannered man. Happens to pull armed robberies, but mild mannered."), we do not believe that this prejudiced defendant because the trial court immediately instructed the jury as to the extent to which it could consider defendant's record. It also seems unlikely a prejudiced jury would have acquitted defendant on the disorderly conduct charge, as this jury did.

Affirmed.