STATE of Minnesota, Respondent,

v.

**Daniel Lee STEWART, Appellant.**

No. C5-84-1346.

Court of Appeals of Minnesota.

Jan. 8, 1985.

C. Paul Jones, Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, Ann L. Carrott, Douglas Co. Atty., Alexandria, for respondent.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## SUMMARY OPINION

CRIPPEN, Judge.

### FACTS

Appellant Daniel Stewart was convicted by a jury of burglary in the third degree in violation of Minn.Stat. § 609.582, subd. 3 (Supp.1983) for entering the Bursch Travel Agency in downtown Alexandria with the

intent to commit theft. Fred Bursch, the owner of the travel agency, stopped by his office at about 10:30 p.m. on September 1, 1983, and discovered it had been burglarized. Bursch found the back door of a neighboring store open and upon entering confronted a man. The man was approximately three feet away from Bursch and Bursch testified at trial that he got a good look at the man's head, face and shoulder areas. Bursch called the police and gave a description of the man.

Douglas County Deputy Sheriff Jerry Werner, with the assistance of Bursch, developed a composite picture of the burglar. Deputy Werner left and assembled a photographic lineup and Bursch positively identified a picture of appellant as the man he saw in the store on the night of the burglary. At trial, Bursch positively identified appellant as the burglar.

## ANALYSIS

■ 1. We have reviewed the photographic lineup that was used in this case and agree with the trial court that the lineup was not impermissively suggestive. *Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968). Furthermore, Bursch independently helped complete a composite sketch of the burglar which is strikingly similar to appellant. We cannot say that the identification procedure here gave rise to a very substantial likelihood of irreparable mistaken identification. *Manson v. Brathwaite*, 432 U.S. 98, 116, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977).

■ 2. Appellant's contention that the evidence was insufficient to sustain the guilty verdict is without merit because Bursch's eyewitness identification was positive. The jury could "reasonably" give the weight it obviously gave to Bursch's testimony, and we must therefore affirm the verdict. *State v. Ulvinen*, 313 N.W.2d 425, 428 (Minn.1981).

■ 3. Appellant claims that the trial court abused its discretion in refusing to excuse a juror for cause on voir dire. The juror indicated that her husband worked as a janitor at the police station and that she had been working with him at the time that the burglary in this case was reported. The juror also said she did not learn any of the details of the burglary, or even learn if a suspect had been caught, and she said she was not prejudiced or biased in any way. The juror was ultimately stricken from the jury by use of a peremptory challenge by appellant. The trial court's ruling was not an abuse of discretion. *See City of Saint Paul v. Hilger*, 300 Minn. 522, 220 N.W.2d 350 (1974). There was no prejudice in any event.

■ 4. The claim that the trial court abused its discretion in refusing to grant a continuance or preclude the State from calling a witness who came to the prosecutor's attention shortly before trial is also without merit. *See State v. Lindsey*, 284 N.W.2d 368, 373 (Minn.1979). The record shows that the prosecutor gave reasonable notice to defense counsel under the circumstances. The prosecutor did not learn of the witness until just before trial and defense counsel was given a complete opportunity to interview the witness before he was called as a witness. In fact, the interview led to the discovery of an inconsistency in the witness's story which defense counsel used as an impeachment.

■ 5. The contention that the trial court abused its discretion in refusing to let the jury view the crime scene is without merit. The trial court expressly determined that such a viewing would not be helpful to the jury and we cannot say that the court abused its discretion in this regard. *State v. Gardin*, 251 Minn. 157, 86 N.W.2d 711 (1957).

■ 6. Appellant's father, called as an alibi witness, testified that appellant was home with his parents on September 1, 1983, in Montevideo, about 100 miles from Alexandria. On cross-examination, the prosecutor, over defense objection, asked him whether there had been long periods of time when he did not know where his son was or what he was doing. This was total-

ly proper cross-examination and we see no merit in appellant's contention that this was impermissible because it involved improper examination of appellant's character.

### DECISION

There is sufficient evidence to support the jury's verdict, and the trial court did not err in decisions questioned by appellant.

Affirmed.