STATE of Minnesota, Respondent,

v.

Timothy Lee McGATH, Appellant.

No. C9–83–1680.

Supreme Court of Minnesota.

July 12, 1985.

C. Paul Jones, Public Defender, Mark F. Anderson, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Alan L. Mitchell, St. Louis County Atty., John E. DeSanto and Mark S. Rubin, Asst. County Attys., Duluth, for respondent.

COYNE, Justice.

Defendant Timothy McGath appealed to the court of appeals from judgment of conviction of assault in the second degree, Minn.Stat. § 609.222 (1984), on two grounds: (1) that the evidence was legally insufficient to support conviction, and (2) that the trial court erred by examining a sworn juror outside the presence of defendant and his counsel. The court of appeals reversed the conviction and remanded for a new trial, ruling that although the evidence

was sufficient to support the jury's determination that the defendant did not act in self-defense, the trial court's communication with the juror constituted "an impermissible failure to provide for the presence of defendant's counsel during a critical part of the trial" in derogation of the defendant's constitutional right to assistance of counsel. *State v. McGath*, 352 N.W.2d 36, 40–41 (Minn.App.1984). We reverse and reinstate the judgment of conviction.

After the jury had been sworn but before trial had begun, a juror notified the court that her children were acquainted with one of the state's witnesses, Leonard Dobosenski. She explained that she had not recognized his name when the list of witnesses had been read because her children had referred to him by the nickname "Dobie."

The trial court immediately conferred in chambers with defendant, his counsel, and the prosecutor. Defense counsel stated that had he been aware during voir dire that the juror was acquainted with the witness, he would have questioned the juror about that relationship. Defense counsel moved for a mistrial, saying that he thought Dobosenski's credibility would make a great deal of difference in the case. The prosecutor suggested that before ruling on the motion the trial court examine the juror in the presence of counsel to determine whether or not her acquaintance with the witness would affect her impartiality. Defense counsel conceded the propriety of the suggested procedure and that it offered a possible solution to the problem; but he contended that because he could no longer peremptorily challenge the juror, the defendant was entitled to a declaration of mistrial.

The trial court indicated his willingness to question the juror, but said he would "prefer to do it without counsel being present." He went on to explain, "The reason I kind of hate to have counsel and Mr. McGath present is that I don't want to set up here a sort of foreboding or grim atmosphere of any sort. I feel that I can ascertain from her an answer to that which will be an accurate one and hopefully ac-ceptable to counsel." The trial court told counsel that a record of the proceeding would be made, that he would report the juror's answers to defendant and counsel, and that if counsel wished, the record would be read. After questioning the juror, the trial court related the content of the interview and, stating that he believed her assurances that she could and would be fair, denied the motion for a mistrial.

On appeal the defendant does not assert that he was deprived of his right to be tried by an impartial jury; he does not contend that the juror was biased, either as a matter of law or as a matter of fact. Rather, defendant contends that the trial court's *ex parte* examination of the juror violated his right, guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and art. 1, sec. 6 of the Minnesota Constitution, to assistance of counsel and to be present at every stage of the proceedings. The court of appeals agreed. It regarded the trial court's action in "dealing privately with the prospect of the juror's actual bias" as a deprivation of the assistance of counsel during a critical stage of the trial and, on the ground that deprivations of the right to counsel are never harmless error, concluded that the absence of both defendant and his counsel during the trial court's contact with a juror was error which could not be harmless beyond a reasonable doubt. *McGath*, 352 N.W.2d at 41.

■ That the mere occurrence of an *ex parte* conversation between trial judge and juror does not constitute a deprivation of a constitutional right mandating automatic reversal seems to us quite clear. *See State v. Hoffman*, 328 N.W.2d 709 (Minn.1982); *State v. Schifsky*, 243 Minn. 533, 69 N.W.2d 89 (1955). Moreover, the United States Supreme Court has declared that even undisclosed, unrecorded *ex parte* discussions between trial judge and juror *can* be harmless error. *Rushen v. Spain*, 464 U.S. 114, 104 S.Ct. 453, 78 L.Ed.2d 267 (1983). Spain had been convicted of murder and conspiracy to escape following a San Quentin prison excape that resulted in

the death of three prisoners (one of whom was a leader of the Black Panther Party) and three corrections officers. The prosecution claimed that the Black Panther Party had organized the escape and that Spain, a Black Panther, was one of the conspirators. The defense contended that police had organized the breakout and ambushed the escapees to eliminate a faction of the Black Panther Party.

During the course of a lengthy trial it developed that a Black Panther named Pratt, said to be a police informant involved in the alleged police plot, was identified as the convicted murderer of a childhood friend of one of the jurors. The juror, who had testified on voir dire that she did not associate the Black Panthers with violence and that she did not have any personal knowledge of violent crime, twice went to the judge's chambers, telling the judge that she would be very unsettled if Pratt were called as a witness or if there were further discussion of her friend's murder. The judge did not consider the connection significant but asked the juror on each occasion whether it would affect her disposition of the case. She responded that it would not. The judge made no record of either conversation and did not inform the defendants, their counsel or the prosecutor of his meetings with the juror. The incidents did not become known until after the trial had ended.

Vacating a writ of habeas corpus issued on the basis that an unrecorded *ex parte* communication between trial judge and juror can never be harmless error, the Supreme Court said,

> We emphatically disagree. Our cases recognize that the right to personal presence at all critical stages of the trial and the right to counsel are fundamental rights of each criminal defendant. "At the same time and without detracting from the fundamental importance of [these rights], we have implicitly recognized the necessity for preserving society's interest in the administration of criminal justice. Cases involving [such constitutional] deprivations are [there-fore] subject to the general rule that remedies should be tailored to the injury suffered * * * and should not unnecessarily infringe on competing interests." *Rushen,* 104 S.Ct. at 455 (footnote omitted), *quoting United States v. Morrison,* 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981).

The Court went on to rule that the record of a post-trial hearing adequately supported the state court's determination that the deliberations of the jury were not biased and that, therefore, the error was harmless beyond a reasonable doubt.

■ In the circumstances of the present case the trial court's interview of the juror outside the presence of defendant and his counsel does not, it seems to us, constitute a deprivation of the assistance of counsel. This was not a clandestine, unrecorded conversation between judge and juror. The trial judge notified defendant and his counsel immediately on learning of a juror's acquaintance with one of the state's witnesses. Counsel moved for a mistrial. The prosecutor suggested that the judge question the juror in the presence of counsel. Despite his argument that only a mistrial could cure his inability to challenge peremptorily, defense counsel conceded that questioning the juror offered a "possible solution" and he said he had "no problem" with the prosecutor's suggested procedure. When the judge indicated his preference for interviewing the juror outside the presence of defendant, his counsel and the prosecutor, defense counsel did not object or even suggest that counsel, at least, should be present. He made no request that the judge ask any particular questions. He did not indicate any desire to review the record although the judge had said he was free to do so. Counsel did not challenge the juror for cause or suggest that the defendant be asked if he were willing to proceed with eleven jurors if the juror were dismissed. He contended only that the inability to exercise a peremptory challenge required a mistrial—a position inconsistent with the notion of the necessity of actual juror bias as the ground for a mistrial. Under these circumstances the *ex parte*

examination of the juror seems more the result of defense counsel's tactical election—to make no objection—than of a denial of the right to the assistance of counsel.

■ This is not to say that we approve discussions between judge and juror in the absence of counsel. The examination of a juror for bias should be not merely on the record but in the presence of counsel and the defendant. The defendant characterizes the question of constitutional deprivation as a denial of his right to be present at every critical stage of the trial and a denial of his right to effective assistance of counsel. We have, however, held that although the defendant should be present during an on-the-record in-chambers discussion with a juror, his absence is not ground for a new trial if he was not prejudiced by not being present. *Kelsey v. State,* 298 Minn. 531, 214 N.W.2d 236 (1974). Where contact with a juror, initiated by a third party, was inconsequential and unlikely to influence the juror's decision, we have held, despite a defense motion to interview the jurors in the presence of counsel, that the trial court's interview of the juror outside the presence of counsel did not require a new trial. *Hoffman,* at 718. The underlying question is whether or not the judge's *ex parte* interview with the juror resulted in the denial of the defendant's right to be tried by an impartial jury.

■ The trial court characterized the juror's acquaintance with the witness as "nominal" and accepted the juror's assurance that it would have no bearing on her evaluation of the testimony. The general rule is that the disposition of a motion for a mistrial for jury bias is a matter within the trial court's discretion. *State v. Vance,* 254 N.W.2d 353, 357 (Minn.1977). That a peremptory challenge cannot be exercised after the jury has been sworn is not ground for a mistrial. *Kelsey,* 298 Minn. at 532, 214 N.W.2d at 237. Absent a showing of actual prejudice, failure to dismiss a juror for cause or to grant a mistrial has not required a new trial. *See State v. Stufflebean,* 329 N.W.2d 314, 317 (Minn.1983) (juror employed by closely held corporation owned in large part by victim's family);

*City of St. Paul v. Hilger,* 300 Minn. 522, 220 N.W.2d 350 (1974) (juror had seen store detective who made arrest at a bar both frequented); *State v. Hanson,* 286 Minn. 317, 176 N.W.2d 607 (1970) (juror a cousin of sheriff and had business relationship with county attorney). Nothing in record of the interview reveals any basis for believing that there was any actual bias on the juror's part which would justify granting the motion for a mistrial. The defendant does not contend that the juror was biased or that he was denied his right to be tried by an impartial jury. Accordingly, if the presence of defendant and counsel at the trial court's examination of the juror was not waived, the error did not prejudice the defendant.

Finally, we agree with the court of appeals that the evidence was sufficient to support the judgment of conviction.

Reversed and judgment of conviction reinstated.