*This opinion will be unpublished and*
*may not be cited except as provided by*
*Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A13-1828**

State of Minnesota,
Respondent,

vs.

Eric Lee Budreau,
Appellant.

**Filed August 18, 2014**
**Affirmed**
**Johnson, Judge**

Cass County District Court
File No. 11-CR-13-23

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Christopher J. Strandlie, Cass County Attorney, Benjamin T. Lindstrom, Assistant County Attorney, Walker, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, F. Richard Gallo, Jr., Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Chutich, Presiding Judge; Johnson, Judge; and Rodenberg, Judge.

**JOHNSON**, Judge

Eric Lee Budreau pleaded guilty to robbery. On direct appeal, he argues that his plea is invalid on the ground that it is inaccurate because it is not supported by a proper factual basis. We affirm.

**FACTS**

This appeal arises from an incident that occurred in the city of Cass Lake during the early-morning hours of September 11, 2012. The state alleged that Budreau and three other men robbed a man at gun-point after beating him with a bat, which caused him to lose consciousness. A person who lives nearby told police that he was awakened by a noise and saw "four guys beating up one guy" and that they were "kicking him and punching him." The four men took numerous items from the victim, including his boots, sweatshirt, shirt, wallet, jewelry, and cellular telephone. The victim told police that he had seen Budreau before the assault and believed that Budreau was the man who hit him with the bat.

In December 2012, the state charged Budreau with one count of first-degree aggravated robbery, in violation of Minn. Stat. § 609.245, subd. 1 (2012); one count of aiding and abetting first-degree aggravated robbery, in violation of Minn. Stat. § 609.245, subd. 1, and Minn. Stat. § 609.05, subd. 1 (2012); and one count of simple robbery, in violation of Minn. Stat. § 609.24 (2012). In May 2013, Budreau and the state entered into an agreement by which Budreau agreed to enter an *Alford*/*Goulette* plea to simple robbery and a straight plea to an unrelated firearms charge in a different case. In

exchange, the state agreed to dismiss the aggravated-robbery charges and an unrelated controlled-substance charge. The state also agreed to recommend the presumptive guidelines sentence for the simple-robbery charge and to recommend that it be served concurrently with the sentence on the unrelated firearms charge.

At the plea hearing, Budreau's attorney asked him whether he had reviewed the evidence, whether he had reviewed the police reports and the statements of witnesses, and whether he agreed that "if this matter went in front of a jury and the jury -- and people testified consistently at that trial with what they have said in the documents and the jury saw the evidence that the state possesses that there's a substantial likelihood that [he] would be convicted of simple robbery." Budreau responded in the affirmative. Budreau's attorney then stated, "I just want to be clear here because you're pleading guilty on an *Alford* basis." He again asked Budreau whether he had reviewed the evidence in the case, whether he had reviewed the statement of the alleged victim, and whether he agreed that "if a jury heard the testimony of [the victim] and believed that the evidence that the state has against [him] that there's a substantial likelihood that [he] would be convicted of simple robbery at trial." Budreau again responded in the affirmative to each of the questions. Budreau's attorney then asked, "You want the Court to accept these pleas?" Budreau responded, "Yes."

The district court accepted Budreau's guilty plea and imposed the agreed-upon presumptive guidelines sentence of 43 months of imprisonment, to be served concurrently with the sentence on the unrelated firearms charge. Budreau appeals.

**D E C I S I O N**

Budreau argues that his guilty plea to the simple-robbery charge is invalid. We note that Budreau did not present this argument to the district court. Nonetheless, the caselaw permits him to make the argument for the first time on appeal from his conviction and sentence. The supreme court has stated that, "by pleading guilty, a defendant does not waive the argument that the factual basis of his guilt was not established." *State v. Iverson*, 664 N.W.2d 346, 350 (Minn. 2003). The supreme court also has stated that a defendant "is free to simply appeal directly from a judgment of conviction and contend that the record made at the time the plea was entered is inadequate" to establish the requirements of a valid plea. *Brown v. State*, 449 N.W.2d 180, 182 (Minn. 1989). Thus, this court must review the validity of Budreau's guilty plea even though he did not ask the district court to do so. We apply a *de novo* standard of review to the validity of a guilty plea. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

A guilty plea is invalid if it is not "accurate, voluntary and intelligent." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). As the supreme court has explained,

> The main purpose of the accuracy requirement is to protect a defendant from pleading guilty to a more serious offense than he could be convicted of were he to insist on his right to trial. Other possible benefits of the accuracy requirement include assisting the court in determining whether the plea is intelligently entered and facilitating the rehabilitation of the defendant. The purpose of the voluntariness requirement is to insure that the defendant is not pleading guilty because of improper pressures. The purpose of the requirement that the plea be intelligent is to insure that the defendant understands the charges, understands the rights he is waiving by pleading guilty, and understands the consequences of his plea.

4

*State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). If a guilty plea fails to meet any of these three requirements, the plea is invalid. *State v. Theis*, 742 N.W.2d 643, 650 (Minn. 2007).

Budreau argues that his guilty plea is invalid because it is not accurate. A guilty plea is inaccurate if it is not supported by a proper factual basis. *Ecker*, 524 N.W.2d at 716. Generally, a factual basis exists if there are "'sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty.'" *Iverson*, 664 N.W.2d at 349 (quoting *Kelsey v. State*, 298 Minn. 531, 532, 214 N.W.2d 236, 237 (1974)). "The factual basis of a plea is inadequate when the defendant makes statements that negate an essential element of the charged crime because such statements are inconsistent with a plea of guilty." *Id.* at 350 (citing *Chapman v. State*, 282 Minn. 13, 20, 162 N.W.2d 698, 703 (1968); *State v. Jones*, 267 Minn. 421, 426-27, 127 N.W.2d 153, 156-57 (1964)).

In this case, the parties agree that Budreau entered an *Alford/Goulette* plea. In an *Alford/Goulette* plea, a defendant maintains his or her innocence but nonetheless pleads guilty because of a belief that the state has sufficient evidence and is likely to obtain a conviction. *See State v. Goulette*, 258 N.W.2d 758, 761 (Minn. 1977) (citing *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970)). The factual basis of an *Alford/Goulette* plea is particularly important because the plea "is not supported by the defendant's admission of guilt, and is actually contradicted by his claim of innocence." *Theis*, 742 N.W.2d at 649. Accordingly, a defendant submitting an *Alford/Goulette* plea must "agree[] that evidence the State is likely to offer at trial is sufficient to convict" and

5

should "specifically acknowledge on the record at the plea hearing that the evidence the State would likely offer against him is sufficient for a jury, applying a reasonable doubt standard, to find the defendant guilty." *Id.* at 649. This standard is not satisfied if a defendant admits that there is a "mere risk" that a jury will convict him. *Id.* at 650 (quotation marks omitted). If the defendant has made the requisite acknowledgment, the district court must independently determine whether there is a factual basis in the record for the conclusion that there is a strong probability that a jury would find the defendant guilty. *Id.* at 649.

Budreau's argument has two parts. First, he contends that he did not adequately acknowledge that the evidence is sufficient for a jury to find him guilty. Budreau relies on the highlighted language in the following excerpts from the transcript of the plea hearing:

> Do you believe that if this matter went in front of a jury and the jury -- *and people testified consistently at that trial* with what they have said in the documents and the jury saw the evidence that the state possesses that there's a substantial likelihood that you would be convicted of simple robbery; is that true?
>
> . . . .
>
> You agree that if a jury heard the testimony of [the victim] *and believed that the evidence that the state has against you* that there's a substantial likelihood that you would be convicted of simple robbery at trial?

(Emphasis added.) Budreau contends that his acknowledgement was conditioned on two contingent events (the state's witnesses giving testimony consistent with prior statements

6

and the jury's believing the witnesses) such that he "at most acknowledg[ed] a mere risk that a jury would convict him."

In general, an *Alford*/*Goulette* plea is based on the assumption that witnesses will give testimony that is consistent with their statements to law enforcement. In *Goulette*, the supreme court endorsed the use of witness statements to develop a factual basis, which implies that the witness statements can be taken at face value. 258 N.W.2d at 761. Budreau separately acknowledged his awareness that the state would be required to prove his guilt beyond a reasonable doubt. *See Theis*, 742 N.W.2d at 649; *Williams v. State*, 760 N.W.2d 8, 14 (Minn. App. 2009), *review denied* (Minn. Apr. 21, 2009). Thus, in this case, the conditional nature of the questions that Budreau's attorney posed to him does not diminish his acknowledgment of the strength of the state's evidence and the likelihood of a conviction.

Second, Budreau contends that the district court erred by not making any findings as to whether he made a sufficient acknowledgement that the evidence is sufficient for a jury to find him guilty and that there is a strong factual basis to support the guilty plea. Budreau does not cite any authority for the proposition that a district court has an obligation to make findings of that type. We do not believe that any such authority exists. A district court's obligation is only to "ensure that an adequate factual basis has been established in the record." *Ecker*, 524 N.W.2d at 716; *see also Theis*, 742 N.W.2d at 647; *Trott*, 338 N.W.2d at 251-52; *Williams*, 760 N.W.2d at 12. This court conducts a *de novo* review of the adequacy of the factual basis of the plea by reviewing the record of the plea hearing. *Raleigh*, 778 N.W.2d at 94. Budreau could have asked the district court

7

to expressly analyze the adequacy of the factual basis by moving to withdraw his plea pursuant to rule 15.05 of the Minnesota Rules of Criminal Procedure, but he chose not to do so. Thus, the district court did not err by not making findings that confirmed the validity of Budreau's plea.

Budreau has not identified any other reasons why his plea is invalid. Thus, the district court did not err by accepting Budreau's *Alford*/*Goulette* plea to simple robbery.

**Affirmed.**