*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0039**

State of Minnesota,
Respondent,

vs.

Jay Michael Ellingson,
Appellant.

**Filed January 5, 2015
Affirmed
Peterson, Judge**

Scott County District Court
File No. 70-CR-12-25163

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Pat Ciliberto, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Suzanne M. Senecal-Hill, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Hudson, Judge; and Larkin, Judge.

## U N P U B L I S H E D   O P I N I O N

**PETERSON**, Judge

In this appeal from his conviction of and sentence for second-degree criminal sexual conduct, appellant argues that (1) his guilty plea was invalid because there was not

an adequate factual basis to establish that the sexual abuse of the complainant involved multiple acts committed over an extended period of time, as required under Minn. Stat. § 609.343, subd. 1(h)(iii) (2012); and (2) the district court abused its discretion by sentencing him to the maximum sentence within the presumptive-sentence range. We affirm.

**FACTS**

F.G.B. is the daughter of appellant Jay Michael Ellingson's wife, P.E. In December 2012, F.G.B., who was six years old, began behaving uncharacteristically at school. P.E. talked to F.G.B. about good touches and bad touches, and F.G.B. eventually disclosed that appellant had been touching her inappropriately. F.G.B. also said that appellant made her touch his bare penis and told her not to tell anyone. Appellant admitted to P.E. that he had been sexually inappropriate with F.G.B.

In a statement to police, appellant admitted that he had been sexually inappropriate with F.G.B. He stated that, on three separate occasions during the preceding month, after making F.G.B. take off all of her clothes, he touched her vagina and made her touch his penis.

Appellant was charged with three counts of first-degree criminal sexual conduct and three counts of second-degree criminal sexual conduct. The complaint alleged that the offenses occurred between November 1, 2012, and December 8, 2012.

Appellant agreed to plead guilty to one count of second-degree criminal sexual conduct, in violation of Minn. Stat. § 609.343, subd. 1(h)(iii), in exchange for the dismissal of the remaining charges, the state's agreement that it would not seek an

2

upward sentencing departure, and the dismissal of a separate case in which he was charged with violating a domestic-abuse no-contact order. During the plea hearing, appellant admitted that he had a significant relationship with F.G.B. and that he engaged in sexual contact with her on more than one occasion in November and December 2012.

> Q But specifically during that time frame of November, December of 2012, on more than one occasion you touched her vagina with your hand. Is that correct?
> A Yes.
> Q And you also had her touch your penis. Is that correct?
> A Yes.

After a discussion between the prosecutor and defense counsel about the number of acts needed to satisfy the multiple-acts element of second-degree criminal sexual conduct, defense counsel questioned appellant as follows:

> Q And so the time that . . . she touched your penis, there was a separate occasion where you touched her, correct?
> A Yes.
> Q So there's more than one time?
> A Yes.
> Q It wasn't like it all happened one time and --
> A No.
> Q It happened on a different day?
> A Yeah.
> Q Different time frame?
> A Yeah.

The district court accepted appellant's guilty plea and sentenced appellant to an executed term of 108 months in prison, which was the maximum sentence within the presumptive-sentence range under the sentencing guidelines.

**D E C I S I O N**

**I.**

A defendant seeking to withdraw a guilty plea after sentencing must show "that withdrawal is necessary to correct a 'manifest injustice.'" *Carey v. State*, 765 N.W.2d 396, 400 (Minn. App. 2009) (quoting Minn. R. Crim. P. 15.05, subd. 1), *review denied* (Minn. Aug. 11, 2009). "Manifest injustice exists when a guilty plea is invalid." *State v. Batchelor*, 786 N.W.2d 319, 323 (Minn. App. 2010), *review denied* (Minn. Oct. 19, 2010). The validity of a plea is a question of law, which is reviewed de novo, and "[t]he defendant bears the burden to establish that his plea was invalid." *Lussier v. State*, 821 N.W.2d 581, 588 (Minn. 2012). To be valid, a guilty plea "must be accurate, voluntary, and intelligent." *Butala v. State*, 664 N.W.2d 333, 338 (Minn. 2003) (quotation omitted).

To be accurate, a plea must be supported by an adequate factual basis. *Lussier*, 821 N.W.2d at 588. A proper factual basis requires "sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Kelsey v. State*, 298 Minn. 531, 532, 214 N.W.2d 236, 237 (1974). Ultimately, it is the district court's responsibility to ensure that the parties have established a proper factual basis on the record. *Ecker*, 524 N.W.2d at 716.

Appellant pleaded guilty to one count of second-degree criminal sexual conduct, in violation of Minn. Stat. § 609.343, subd. 1(h)(iii), which states:

> A person who engages in sexual contact with another person is guilty of criminal sexual conduct in the second degree if any of the following circumstances exists:
> . . . .

> the actor has a significant relationship to the complainant, the complainant was under 16 years of age at the time of the sexual contact, and:
>
> . . . .
>
> the sexual abuse involved *multiple acts committed over an extended period of time*.

(Emphasis added.)

Although appellant does not dispute that he committed multiple acts of sexual abuse, he argues that showing that he "committed a couple of sexual acts in November and December of 2012 does not establish that he committed those acts over an extended period of time." Because the legislature did not define "extended period of time" to require a minimum period of time for an offense under Minn. Stat. § 609.343, subd. 1(h)(iii), we cannot construe the statute to require it. *City of Brainerd v. Brainerd Investments Partnership*, 827 N.W.2d 752, 756 (Minn. 2013) (court cannot add words of qualification to statute that legislature has omitted).

Instead, the legislature has directed that in construing the statutes of this state, words and phrases are to be construed "according to their common and approved usage." Minn. Stat. § 645.08 (2012). In common usage, "extended" means "[c]ontinued for a long period of time; protracted." *The American Heritage Dictionary of the English Language* 627 (5th ed. 2011). "Long" means "[o]f relatively great duration." *Id*. 1033. And "protract" means "[t]o draw out or lengthen in time." *Id*. 1417. Thus, an "extended period of time" is a period that is drawn out until it becomes of relatively great duration.

Appellant testified during his plea hearing that he had sexual contact with F.G.B. during separate occasions on two different days in November and December 2012. This

5

testimony shows that appellant committed multiple acts over a period of at least two days. Although multiple acts of sexual abuse could be committed in minutes, or hours, the period of appellant's abuse of F.G.B. was drawn out into days. Appellant has not met his burden of establishing that his guilty plea was invalid because there were not sufficient facts on the record to support a conclusion that the sexual abuse of F.G.B. involved multiple acts committed over an extended period of time.

**II.**

Appellant argues that the district court imposed an excessive sentence when it sentenced him to the maximum presumptive term of imprisonment allowed under the sentencing guidelines. Appellant contends that despite the fact that the state agreed that it would not seek an upward sentencing departure, a majority of the state's argument at sentencing focused on improper grounds for imposing an aggravated sentence, and the district court was influenced by this improper argument.

This court reviews sentences imposed by the district court for an abuse of discretion. *State v. Delk*, 781 N.W.2d 426, 428 (Minn. App. 2010), *review denied* (Minn. July 20, 2010). Sentence ranges in the sentencing guidelines are presumed to be appropriate for the crimes to which they apply. Minn. Sent. Guidelines 2.D (2012). "All three numbers in any given cell [on the sentencing guidelines grid] constitute an acceptable sentence . . . ." *State v. Jackson*, 749 N.W.2d 353, 359 n.2 (Minn. 2008). "[A]ny sentence within the presumptive range for the convicted offense constitutes a presumptive sentence." *Delk*, 781 N.W.2d at 428.

6

Absent "identifiable, substantial, and compelling circumstances to support a sentence outside the range on the grids," the district court must impose the presumptive guidelines sentence. Minn. Sent. Guidelines 2.D. A district court is not required to explain its reasons for imposing a presumptive sentence, and we may not interfere with the district court's exercise of discretion so long as "the record shows the sentencing court carefully evaluated all the testimony and information presented before making a determination." *State v. Van Ruler*, 378 N.W.2d 77, 80-81 (Minn. 1985). "[I]t would be a rare case which would warrant reversal of the refusal to depart." *State v. Kindem*, 313 N.W.2d 6, 7 (Minn. 1981).

Appellant argues that the prosecutor improperly addressed aggravating factors when responding to appellant's request for a downward dispositional departure. But the district court did not impose a sentencing departure. The district court imposed the longest permitted sentence within the presumptive range for the offense committed. This is not the rare case that warrants reversal of a presumptive guidelines sentence.

**Affirmed.**