*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0615**

State of Minnesota,
Respondent,

vs.

Leroy Hamer, Jr.,
Appellant.

**Filed April 6, 2015
Affirmed
Kirk, Judge**

Steele County District Court
File No. 74-CR-12-2331

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Daniel A. McIntosh, Steele County Attorney, Christy M. Hormann, Assistant County Attorney, Owatonna, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Jennifer Lauermann, Assistant Public Defender, Connor Chapman (certified student attorney), St. Paul, Minnesota (for appellant)

Considered and decided by Ross, Presiding Judge; Kirk, Judge; and Reilly, Judge.

UNPUBLISHED OPINION

**KIRK**, Judge

Appellant challenges the validity of his guilty plea, arguing that the district court erred in finding that there was a sufficient factual basis to support his conviction for third-degree burglary. We affirm.

## DECISION

The validity of a guilty plea is a question of law, which this court reviews de novo. *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Minn. R. Crim. P. 15.05, subd. 1, states in relevant part that "[a]t any time the court must allow a defendant to withdraw a guilty plea upon a timely motion and proof to the satisfaction of the court that withdrawal is necessary to correct a manifest injustice." A guilty plea is invalid and manifestly unjust if it is not accurate, voluntary, and intelligent. *Raleigh*, 778 N.W.2d at 93. For a guilty plea to be accurate, a proper factual basis must be established. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). A proper factual basis requires "sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Kelsey v. State*, 298 Minn. 531, 532, 214 N.W.2d 236, 237 (1974). Ultimately, it is the district court's responsibility to ensure that the parties have established a proper factual basis on the record. *Ecker*, 524 N.W.2d at 716.

On October 31, 2012, respondent State of Minnesota charged appellant Leroy Hamer, Jr., with second-degree burglary and fourth-degree damage to property. The charges arose from an incident in which appellant broke into the apartment of K.K., his ex-girlfriend, and punched a television in the living room, damaging the screen. K.K.

submitted a request for restitution and affidavit requesting a total of $2,076 for damaged or missing personal property, including two televisions, one valued at $350, the other at $1,200.

At the plea hearing, appellant's counsel stated on the record that the parties had reached an agreement where appellant would plead guilty to an amended count of third-degree burglary and, in exchange, the state would dismiss the damage-to-property charge and appellant would pay restitution to K.K. The state also agreed to recommend a bottom-of-the-box guideline sentence. Appellant confirmed to the district court on the record that he had enough time to talk with his attorney about the plea agreement, and that he went line-by-line through the plea petition with his attorney. Appellant's counsel questioned appellant on the record about his conduct on the day in question to establish the factual basis for the plea.

The district court found that there was a sufficient factual basis to support the entry of appellant's guilty plea, and entered a judgment of conviction for third-degree burglary, dismissed the damage-to-property charge, and ordered a restitution analysis. On January 13, 2014, the district court sentenced appellant to 24 months in prison and ordered that he pay $2,076 in restitution.

Appellant filed an affidavit contesting K.K.'s request for restitution. Specifically, he challenged K.K.'s claimed value of "the television," stating that there was no supporting documentation of its value, and K.K. had admitted that she was unsure of its value. Appellant failed to identify which television he was referring to in his affidavit. The district court held a restitution hearing, and the state noted that it had received a letter

3

from K.K. stating that she was no longer requesting restitution. Because K.K. refused to testify, the district court voided its earlier order requiring appellant to pay restitution.

On appeal, appellant argues that the district court erred in finding that there was a sufficient factual basis to support a conviction for third-degree burglary. For appellant to be guilty of third-degree burglary, the state must establish that appellant (1) entered a building; (2) without consent; and (3) had the intent to steal or commit a felony or gross misdemeanor while in the building. Minn. Stat. § 609.582, subd. 3 (2012).

First, appellant argues that the plea colloquy did not establish that he lacked consent to enter K.K.'s apartment. Appellant points to the exchange with his counsel when she asked him, "[Y]ou didn't have [K.K.'s] permission to go into the home and break her items; is that true?" Appellant argues that his response to counsel's compound question—"No. Yes, that's true"—does not conclusively establish that he admitted to lacking consent to enter K.K.'s apartment. But appellant also stated in the plea colloquy that he "broke into" K.K.'s place. "Breaking" is defined as "the act of entering a building without permission." *Black's Law Dictionary* 215 (9th ed. 2009). Applying that definition to appellant's admission, appellant clearly admitted to entering K.K.'s apartment without consent when he stated that he "broke into" her apartment.

Appellant next argues that there is insufficient evidence to establish that he stole or intended to steal from K.K.'s apartment. But the statute requires that the state establish intent to steal *or* intent to commit a felony or gross misdemeanor. In his plea colloquy, appellant agreed with his counsel's statement that he "intend[ed] to break some of [K.K.'s] items" to get back at her for some relationship problems that they were

4

experiencing. Appellant's admission is sufficient to establish intent to commit damage to property under Minn. Stat. § 609.595, subd. 1(3) or subd. 2(a) (2012).

Finally, appellant argues that his plea does not establish the sufficient amount of property damage necessary to sustain his third-degree burglary conviction as the record is unclear as to the value of the property damage that he caused or the reduction in the value of the property. An element of third-degree burglary is the commission of a gross misdemeanor or felony, such as criminal damage to property. *See* Minn. Stat. § 609.582, subd. 3. Third-degree criminal damage to property constitutes a gross misdemeanor and requires proof that a person intentionally damaged property, thereby reducing the value of property by at least $500 but not more than $1,000. *See* Minn. Stat. § 609.595, subd. 2(a) (stating the elements and possible sentence for third-degree criminal damage to property); *see also* Minn. Stat. § 609.02, subd. 4 (2012) (defining gross misdemeanor). A conviction of first-degree property damage requires evidence that a defendant caused at least $1,000 in damage to property. Minn. Stat. § 609.595, subd. 1(3) (2012).

The state was required to prove intent to commit property damage of at least $500 to support appellant's guilty plea for third-degree burglary. This court may "also look to the whole record, beyond what the defendant said, when evaluating the quality of a guilty plea's factual basis." *Barnslater v. State*, 805 N.W.2d 910, 914 (Minn. App. 2011). Here, appellant admitted at the plea hearing that he intended to damage K.K.'s property and that he was aware that he would have to pay restitution. The record includes the complaint of the responding police officer who observed the damaged television, a

receipt for repair of the damaged front door, and the restitution affidavit, which in total establishes that appellant committed property damage in excess of $500.

**Affirmed.**