*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0240**

Scott Andrew Marcucci, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed November 2, 2015
Affirmed
Smith, Judge**

Scott County District Court
File No. 70-CR-13-5517

Cathryn Middlebrook, Chief Appellate Public Defender, Frank Richard Gallo, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Ronald Hocevar, Scott County Attorney, Todd P. Zettler, Assistant County Attorney, Shakopee, Minnesota (for respondent)

Considered and decided by Smith, Presiding Judge; Peterson, Judge; and Stauber, Judge.

**UNPUBLISHED OPINION**

**SMITH**, Judge

We affirm the postconviction court's determination that appellant's *Alford* plea was valid because there was a strong factual basis to support appellant's plea to violating

the predatory offender registration requirements by intentionally providing false information to law enforcement.

## FACTS

A prior conviction required appellant Scott Andrew Marcucci to register as a predatory offender. Marcucci signed and initialed a duty to register form, which explained Marcucci's duty to register as a predatory offender as well as his obligation to update the registration. On March 13, 2013, Officer Dahmes of the Savage Police Department arrested Marcucci for failure to update his predatory offender registration. On March 15, 2013, Marcucci was charged in Scott County for knowingly violating the registration statute and for intentionally providing false information to law enforcement in violation of Minn. Stat. § 243.166, subd. 5(a) (2012).

On August 13, 2013, Marcucci offered an *Alford* plea. Before accepting Marcucci's plea, the district court explained that he was giving up his right to trial, ensured the plea was voluntary, and confirmed that Marcucci's attorney had explained the purpose of an *Alford* plea. Additionally, the state presented the testimony and evidence against Marcucci. Furthermore, Marcucci stated that he had reviewed the evidence with his attorney, understood all of the evidence against him, and that it was likely that a judge or jury would find him guilty beyond a reasonable doubt of violating the registration statute. The district court independently reviewed the record and found that "there is sufficient evidence to support a jury verdict of guilty." The district court accepted Marcucci's plea and sentenced him to one year and one day.

On October 29, 2014, Marcucci petitioned the district court for postconviction relief seeking to withdraw his guilty plea. The postconviction court denied Marcucci's petition, finding that, "After further review of the transcript, the evidence, and based on the testimony that the state would offer at trial that there is a strong probability that a factfinder would find petitioner guilty beyond a reasonable doubt of violating the registration requirements."

## D E C I S I O N

### I.

Marcucci challenges the postconviction court's determination that a strong factual basis existed to support his *Alford* plea to a violation of Minn. Stat. § 243.166, subd. 5(a). "We review legal issues de novo, but on factual issues our review is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015) (citations and quotations omitted). The validity of a plea is "a question of law that we review de novo." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010).

Here, Marcucci seeks to withdraw his plea on the basis that the plea is not valid. To be valid, a guilty plea must be intelligent, voluntary, and accurate. *State v. Ecker,* 524 N.W.2d 712, 716 (Minn. 1994); *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). Accuracy requires that the plea be supported by a proper factual basis, that there "must be sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Kelsey v. State*, 298 Minn. 531, 532, 214 N.W.2d 236, 237 (1974). The factual basis of a plea is inadequate when the defendant

3

makes statements that negate an essential element of the charged crime because such statements are inconsistent with a plea of guilty. *Chapman v. State*, 282 Minn. 13, 20, 162 N.W.2d 698, 703 (1968); *State v. Jones*, 267 Minn. 421, 426-27, 127 N.W.2d 153, 156-57 (1964).

When entering an *Alford* plea, the defendant "may plead guilty to an offense, even though the defendant maintains his or her innocence, if the defendant reasonably believes, and the record establishes, the state has sufficient evidence to obtain a conviction." *Ecker*, 524 N.W.2d at 716 (citing *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 167 (1970)). An *Alford* plea must be supported by a "strong" factual basis and is subject to careful scrutiny due to the inherent conflict in pleading guilty while maintaining innocence. *State v. Theis*, 742 N.W.2d 643, 648-49 (Minn. 2007). A factual basis for an *Alford* plea should "be based on evidence discussed with the defendant on the record at the plea hearing." *Matakis*, 862 N.W.2d at 38 (quotation omitted). And, the district court should "determine whether . . . there is a sufficient factual basis to support [the plea]." *State v. Goulette*, 258 N.W.2d 758, 761 (Minn. 1977). Additionally, "the defendant's acknowledgment that the State's evidence is sufficient to convict is critical to the court's ability to serve the protective purpose of the accuracy requirement." *Theis*, 742 N.W.2d at 649.

Under the registration statute, it is a criminal offense for any person required to register to provide "false information to a corrections agent, law enforcement authority, or the bureau . . . ." Minn. Stat. § 243.166, subd. 5(a). At his plea hearing, Marcucci was presented with the testimony that would be introduced on this issue:

4

> [THE STATE]: You understand that [Detective Kvasnicka] would testify that she met with you, and went over your registration requirements, including what motor vehicles you drive and did not drive, correct?
>
> [DEFENDANT]: Yes.
>
> [THE STATE]: And [Detective Kvasnicka] would also testify that you informed her that you were not driving motor vehicles on the registration form . . . ; do you recall that?
>
> [DEFENDANT]: Yes.
>
> . . . .
>
> [THE STATE]: And that the state would also call David Barlege, your probation officer . . . . And he informed you upon your release that you did not have a motor vehicle driver's license, and that he told you that—to not operate a motor vehicle. He would testify to that. Do you understand that?
>
> [DEFENDANT]: Yes.
>
> . . . .
>
> [THE STATE]: And you informed Mr. Barlege, he would testify, that your boss picks you up and drops you off each day; you understand that?
>
> [DEFENDANT]: Yes.
>
> [THE STATE]: And the state would also call Robert Brown, who was your boss. And he would testify that he would have you drive motor vehicles for him; do you understand that?
>
> [DEFENDANT]: Yes.
>
> [THE STATE]: And, based on the testimony that the state would offer at trial if you chose to have one, you would admit that there's a strong probability, it is likely, that a jury or the judge as a fact finder would find you guilty beyond a reasonable doubt of violating the registration requirements; do you admit that?
>
> [DEFENDANT]: Yes.

In addition, the record shows that Marcucci lied to Officer Dahmes about the validity of his driver's license. This occurred shortly after Officer Dahmes saw Marcucci driving a truck, and Marcucci admitted to Officer Dahmes that he had previously been driving a red SUV.

5

Marcucci was statutorily prohibited from intentionally providing false information to his probation officer and law enforcement authority, and the record shows that Marcucci intentionally lied to those persons. *See* Minn. Stat. § 243.166, subd. 5(a). The record supports the conclusion that Marcucci's *Alford* plea was supported by a strong factual basis and Marcucci agreed with that assessment. Moreover, the district court painstakingly explained the *Alford* plea process. In addition to reviewing the evidence against Marcucci, the district court explained to Marcucci that he was giving up his right to a trial, confirmed with Marcucci that his plea was voluntary, and ensured that Marcucci's counsel had explained the purpose of an *Alford* plea.

Because there was a strong factual basis to support Marcucci's *Alford* plea for intentionally providing false information to law enforcement, we need not address Marcucci's contention that he did not knowingly violate the registration statute by failing to provide information about vehicles "owned or regularly driven." Minn. Stat. § 243.166, subds. 4a(a)(6), 5(a) (2012).

## II.

Marcucci also invites this court to read beyond the registration statute's plain language to limit the false information penalty to those pieces of information required in other portions of the statute. *See* Minn. Stat. § 243.166, subd. 5(a). We recently declined to read beyond the registration statute's plain language, and we decline to do so today. *See State v. Munger*, 858 N.W.2d 814, 820 (Minn. App. 2015) ("'[W]hen the words of a law in their application to an existing situation are clear and free from all ambiguity, the

letter of the law shall not be disregarded under the pretext of pursuing the spirit."'

(quoting Minn. Stat. § 645.16 (2014))), *review denied* (Minn. Mar. 25, 2015).

The postconviction court did not error in denying the petition for postconviction

relief.

**Affirmed.**