STATE v. EDGAR FISHER.

193 N. W. 2d 819.

January 21, 1972—No. 42390.

C. Paul Jones, State Public Defender, and Roberta K. Levy and Rosalie Wahl, Assistant State Public Defenders, for appellant.

Warren Spannaus, Attorney General, George M. Scott, County Attorney, and Henry W. McCarr, Jr., and David G. Roston, Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

Per Curiam.

Defendant has pled guilty to murder in the second degree and appeals from the conviction. The question for review is whether it was proper to accept a plea of guilty in light of defendant's claim that he had no recollection of the crime. We affirm.

On the evening of May 17, 1969, two police officers had stopped their squad car near 14th Avenue and Fifth Street North in the city of Minneapolis when an automobile which had been blowing its horn pulled up beside them. In their presence, defendant, sitting in the passenger seat, drew a revolver and fired three shots into the driver of the car who shortly thereafter died from the wounds. Defendant was immediately apprehended and gave varying accounts of having been shot at by unknown assailants whose fire he was returning when he shot his companion.

Defendant was charged with first-degree murder. His court-appointed psychiatrist confirmed defendant's contention that he had amnesia with respect to the circumstances of the crime. This, defendant now asserts, precluded proof of the element of intent necessary to constitute murder in the second degree.

As a result of a plea agreement, defendant pled guilty to murder in the second degree. Before accepting the plea, the court established by interrogation of defendant that although he claimed not to recall the events of the crime, he did not dispute the evidence which implicated him.

We have held in a number of cases that where the defense is based on amnesia, real or feigned, defendant may nevertheless plead guilty if the evidence against him is sufficient to persuade him and his counsel that he is guilty or likely to be convicted of the crime. State ex rel. Norgaard v. Tahash, 261 Minn. 106, 110 N .W. 2d 867 (1961); State ex rel. Crossley v. Tahash, 263 Minn. 299, 116 N. W. 2d 666 (1962); State ex rel. Gray v. Tahash, 279 Minn. 379, 157 N. W. 2d 81 (1968). The Crossley case was recently cited by the United States Supreme Court in North Carolina v. Alford, 400 U. S. 25, 34, 91 S. Ct. 160, 165, 27 L. ed. 2d 162, 169 (1970). There, a divided court held that protestations of innocence in pleading guilty do not vitiate the plea if defendant voluntarily and understandingly enters the plea because the evidence of guilt is strong. This is such a case, and on the authority cited, we have no difficulty in affirming.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.