STATE v. VERNON GORDON SCOTT.

248 N. W. 2d 706.

November 12, 1976—No. 45732.

C. *Paul Jones*, State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Gary W. Flakne*, County Attorney, and *Vernon E. Bergstrom, Phebe Haugen, Lee Barry*, and *David W. Larson*, Assistant County Attorneys, for respondent.

Considered and decided by the court without oral argument.

PER CURIAM.

This is an appeal from a judgment of conviction of second-degree murder which was based upon a plea of guilty. Defendant, who is serving a 3- to 40-year term of imprisonment, contends on this appeal that the trial court erred in accepting the guilty plea and that therefore the conviction should be reversed. Alternatively, he urges this court to remand for resentencing on the ground that the court sentenced him pursuant to a statute not in effect when he committed the crime. We affirm the judgment of conviction but remand the case for resentencing.

1. Prior to defendant's trial on a charge of first-degree murder, the prosecutor and the public defender sought to reach an agreement whereby defendant would plead guilty to a reduced charge of second-degree murder. These negotiations stalled when defendant indicated that in his state of mind he could not bring himself to admit that he intentionally killed the victim, his former wife. The prosecutor refused to agree to the proposed plea unless defendant would admit that the killing was intentional, and similarly the trial court indicated that it would not accept the proposed plea absent such an admission.

During the course of the trial defendant changed his mind and apparently agreed to the original terms proposed by the prosecutor. However, when he was being questioned by the court defendant did not clearly admit that he had intended to kill the victim, stating instead

that he "must have intended to kill her." Defendant finally made a clear and positive admission of guilty intent when the court again stated that it would not accept the plea absent such an admission. Now on appeal defendant contends that the plea was rendered involuntary by the court's insistence on such an admission.

Under our prior decisions the trial court could have accepted defendant's plea even though his admission of guilt was not positive, because defendant's plea was made pursuant to the advice of counsel and there was a strong factual basis for it on the record, including incriminating testimony from a number of state's witnesses who had testified prior to the entry of the plea. See, State v. Hague, 304 Minn. 139, 229 N. W. 2d 168 (1975); State v. Fisher, 292 Minn. 453, 193 N. W. 2d 819 (1972). But defendant was not prejudiced by the court's refusal to accept his plea absent a clearer admission of guilt, and the record does not support defendant's contention that the plea was involuntary. Rather, the record shows that the plea was defendant's idea and that the court made no attempt to persuade defendant to enter the plea.

2. In sentencing defendant to a minimum term of 3 years, the trial court referred to the amended version of Minn. St. 609.11, subd. 1, which reads in relevant part as follows:

"All commitments to the commissioner of corrections for imprisonment of the defendant are without minimum terms except when sentence is to life imprisonment as required by law and except that any commitment following conviction wherein the defendant had in his possession a firearm or used a dangerous weapon at the time of the offense shall be for a term of not less than three years, nor more than the maximum sentence provided by law for the offense for which convicted, and such person shall not be eligible for parole until he shall have served the full minimum sentence herein provided, notwithstanding the provisions of sections 242.19, 243.05 and 609.12."

Prior to the 1974 amendment the statute did not contain any provision specifying that the prisoner would be ineligible for parole until he had served the full 3-year minimum, and under Minn. St. 609.12 the parole authorities arguably had the power to grant parole prior to the termination of the 3-year minimum. Opinion Attorney General, No. 328-A-5, June 16, 1941. Because of this, we believe the case should be remanded so the trial court can correct the sentence by making it clear that the 3-year minimum was pursuant to Minn. St. 609.11 as it read prior to the 1974 amendments.

Affirmed in part but remanded for resentencing.