STATE OF MINNESOTA

IN SUPREME COURT

A24-0097

Court of Appeals                                                    Hennesy, J.
                                              Dissenting, McKeig, Moore, III, JJ.

State of Minnesota,

                   Appellant,

vs.                                                            Filed: June 17, 2026
                                                     Office of Appellate Courts

Paul James Steichen,

                   Respondent.

————————————————

Keith Ellison, Attorney General, Saint Paul, Minnesota; and

Mary F. Moriarity, Hennepin County Attorney, Adam E. Petras, Senior Assistant County Attorney, Nicole Cornale, Assistant County Attorney, Minneapolis, Minnesota for appellant.

Cathryn Middlebrook, Chief Appellate Public Defender, Chang Y. Lau, Assistant State Public Defender, Saint Paul, Minnesota, for respondent.

————————————————

S Y L L A B U S

1.      To satisfy the accuracy requirement for a valid guilty plea, a *Norgaard* plea, like an *Alford* plea, requires a strong factual basis sufficient to allow a district court to independently conclude that there is a strong probability that a defendant is guilty of the charge to which they are pleading guilty.

1

2.     Because the State did not describe the evidence it would present at trial to convict respondent of fifth-degree criminal sexual conduct, respondent's *Norgaard* plea was not supported by a strong factual basis from which a district court could independently conclude that there was a strong probability that respondent was guilty of fifth-degree criminal sexual conduct.

Affirmed.

O P I N I O N

HENNESY, Justice.

The State charged respondent Paul James Steichen with two counts of third-degree criminal sexual conduct. After the district court accepted his *Norgaard* plea[1] to fifth-degree criminal sexual conduct, Steichen appealed to the court of appeals, arguing that the plea was constitutionally invalid because it was not supported by a strong factual basis. The court of appeals reversed and remanded for Steichen to withdraw the plea, determining that the State had failed to provide an adequate factual basis from which the district court could have concluded that there was a strong probability that Steichen would be found guilty of fifth-degree criminal sexual conduct at trial. The State petitioned for further review, arguing that the court of appeals erred by requiring

---

[1]     A *Norgaard* plea is a type of guilty plea in which a defendant pleads guilty despite having no recollection of the incident that led to the criminal charges. *See State ex rel. Norgaard v. Tahash*, 110 N.W.2d 867, 870 (Minn. 1961).

2

Steichen's *Norgaard* plea to meet the "strong factual basis" standard required for a valid *Alford* plea[2] and concluding that Steichen's plea did not meet that standard.

We hold that, to be valid, a *Norgaard* plea, like an *Alford* plea, requires a strong factual basis which, at minimum, must include a description of the State's evidence that is sufficient for a district court to find that there is a strong probability that a defendant is guilty of the charge to which they are pleading guilty. Based on the record in this case, we conclude that Steichen's *Norgaard* plea was not supported by a strong factual basis because the factual inquiry conducted at Steichen's plea hearing did not include any description of the evidence the State would have presented at trial to secure a conviction of fifth-degree criminal sexual conduct. Accordingly, we affirm the court of appeals.

**FACTS**

The State charged respondent Paul James Steichen with two counts of third-degree criminal sexual conduct for forcing a vulnerable adult to engage in oral sex with him. Minn. Stat. § 609.344, subd. 1(a), (b). Two days before trial, Steichen filed notice of an intoxication defense. On the day of trial, pursuant to plea negotiations, Steichen entered a *Norgaard* guilty plea to an amended charge of fifth-degree criminal sexual conduct in exchange for the State dismissing the remaining third-degree criminal sexual conduct count. At the plea hearing, Steichen's attorney reviewed Steichen's petition to enter a guilty plea and a *Norgaard* plea addendum with him on the record. Steichen indicated

---

2  An *Alford* plea allows a defendant to plead guilty when that defendant is "unwilling or unable to admit" to participating in the acts constituting the crime. *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

that he could not remember the events alleged because he was drunk on the day of the offense. He acknowledged that he had reviewed the evidence that the State would offer against him if he had a trial. Steichen agreed that there was a substantial likelihood that a jury would find him "guilty beyond a reasonable doubt" of the offense to which he was pleading guilty and confirmed that he was making no claim that he was innocent of the charge. The prosecutor asked the following questions to establish a factual basis for Steichen's plea:

> PROSECUTOR: Sir, I understand you—you don't recall the date in question, right?
>
> STEICHEN: Yes.
>
> PROSECUTOR: Okay. And the evidence you talked about reviewing with your attorney would establish, though, that on June 5th of this year, you were in Richfield, Hennepin County, when you encountered a male with the initials of C.T., and at some point the two of you engaged in sexual penetration. Specifically, you put your penis in his mouth and he either said no or resisted in some way, making that nonconsensual. You understand that that's the evidence that the State would present in this case?
>
> STEICHEN: Yes.
>
> PROSECUTOR: All right. And that's the evidence that you are, through your *Norgaard* waiver, are not contesting and accepting as sufficient for the State to prove its case beyond a reasonable doubt?
>
> STEICHEN: Yes.
>
> PROSECUTOR: Okay. I believe that's sufficient, Your Honor.
>
> THE COURT: All right. I think it is too. And so we'll receive, then, the *Norgaard* plea document. And at this time, Mr. Steichen, I am finding that you have made a knowing waiver of your trial rights, sir, in this matter, and you have been advised of those rights thoroughly by your lawyer…. In addition, I'm finding that—that there are sufficient facts that have been averred to support your *Norgaard* plea of guilty to the amended Count 1 of

4

> criminal sexual conduct in the 5th degree occurring on or about June 5th of 2023.
>
> I'm not going to accept that plea at this time. Instead, we're going to schedule this matter for sentencing.

The district court subsequently accepted Steichen's plea and sentenced him to 14 months in prison but stayed the prison sentence conditioned upon his successful completion of three years of probation.

Steichen appealed, arguing to the court of appeals that his *Norgaard* plea was not valid because it was not supported by a strong factual basis. Relying on its decision in *Williams v. State*, 760 N.W.2d 8, 12–13 (Minn. App. 2009), the court of appeals stated that an "adequate factual basis" for a *Norgaard* plea requires two components: "a strong factual basis and the defendant's acknowledgment that the evidence would be sufficient for a jury to find the defendant guilty beyond a reasonable doubt." *State v. Steichen*, No. A24-0097, 2024 WL 4927659, at *2 (Minn. App. Dec. 2, 2024) (quoting *Williams*, 760 N.W.2d at 12–13). These components, the court reasoned, "provide the court with a basis to independently conclude that there is a *strong* probability that the defendant would be found guilty of the charge to which he pleaded guilty." *Id.* (quoting *Williams*, 760 N.W.2d at 13). Here, the court of appeals determined that the record did not provide a basis for it to "conclude that there [was] a strong probability that Steichen would be found guilty of fifth-degree criminal sexual conduct." *Id.* at *3. As a result, the court of appeals concluded that Steichen's *Norgaard* plea was invalid and reversed and remanded to allow Steichen to withdraw his plea. *Id.* at *4. We granted the State's petition for review.

5

**ANALYSIS**

We first consider whether a *Norgaard* plea, like an *Alford* plea, must be supported by a strong factual basis. We then consider whether Steichen's plea meets the applicable standard. A plea's validity is a question of law that we review de novo. *State v. Schwartz*, 957 N.W.2d 414, 418 (Minn. 2021).

I.

"To be constitutionally valid, a guilty plea must be accurate, voluntary, and intelligent." *State v. Raleigh*, 778 N.W.2d 90, 94 (Minn. 2010). Here, Steichen challenges only the accuracy of his plea. The purpose of the accuracy requirement "is to ensure that the defendant is in fact substantively culpable for the crime of conviction." *State v. Paulson*, 22 N.W.3d 144, 151 (Minn. 2025). Accordingly, it is the plea's accuracy that prevents a defendant from pleading guilty to a more serious charge than that of which the defendant could be found guilty at trial. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994).

For a guilty plea to be accurate, the district court must ensure that a proper factual basis supports the plea.[3] *State v. Theis*, 742 N.W.2d 643, 647 (Minn. 2007). "In a typical plea, where the defendant admits his or her guilt, an adequate factual basis is usually

---

[3] We have previously observed that the factual basis requirement also "provides a means by which the trial court can test whether the plea is being intelligently entered, since an *Alford*-type plea could hardly be accepted as an intelligent, rational plea if there were an insufficient factual basis offered to support it." *State v. Goulette*, 258 N.W.2d 758, 761 (Minn. 1977). Here, however, the parties do not challenge the intelligence of Steichen's plea or his acknowledgment that he believed the State had sufficient evidence to convict him of the crime to which he pleaded guilty.

established by questioning the defendant and asking the defendant to explain in his or her own words the circumstances surrounding the crime." *Ecker*, 524 N.W.2d at 716. The district court must then determine whether the "defendant's admissions of the relevant facts and circumstances of his conduct establish that he committed the offense charged or an offense at least as serious as the offense to which he is tendering his plea." *State v. Hoaglund*, 240 N.W.2d 4, 5 (Minn. 1976). The district court may not accept a typical guilty plea unless there are "sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which he desires to plead guilty." *Kelsey v. State*, 214 N.W.2d 236, 237 (Minn. 1974).

There are, however, two types of pleas that allow a defendant to plead guilty without admitting the facts or circumstances constituting a crime: *Alford*[4] and *Norgaard* pleas. *Ecker*, 524 N.W.2d at 716–17. In an *Alford* plea, a defendant may plead guilty while maintaining innocence. *See Doe 136 v. Liebsch*, 872 N.W.2d 875, 879 (Minn. 2015); *see also North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding that express admission of guilt is not a constitutional requisite to a valid guilty plea and that an individual "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime"). In a *Norgaard* plea, a defendant pleads guilty despite claiming

---

[4]     In Minnesota, *Alford* pleas are sometimes referred to as *Goulette* pleas, based on our holding in *State v. Goulette* that a district court "may accept a plea of guilty by an accused even though the accused protests that he is innocent." 258 N.W.2d 758, 761 (Minn. 1977); *see State v. Ecker*, 524 N.W.2d at 716 (stating that *Alford* pleas are sometimes referred to as *Goulette* pleas in Minnesota). We use the term "*Alford* pleas" in this opinion.

an inability to remember the circumstances of the offense due to intoxication, amnesia, or other reason. *Ecker*, 524 N.W.2d at 716. In a typical guilty plea, a defendant's admission of the facts constituting the crime assures the plea's accuracy. But because *Alford* and *Norgaard* pleas do not require such an admission, a court must ensure the plea's accuracy by other means.

We have held that an *Alford* plea's accuracy is assured where a "strong factual basis and the defendant's agreement that the evidence is sufficient to support his conviction provide the court with a basis to independently conclude that there is a strong probability that the defendant would be found guilty" at trial. *Theis*, 742 N.W.2d at 649; *see Alford*, 400 U.S. at 26–27 (allowing a guilty plea to stand despite defendant's refusal to admit committing the acts constituting the crime because the record "contain[ed] strong evidence of actual guilt"). We have not, however, expressly decided whether a *Norgaard* plea also requires a heightened factual basis to be constitutionally valid. Steichen argues that it does. For the reasons that follow, we agree and explain what this standard requires.

A.

We begin by surveying our prior decisions on *Norgaard* and *Alford* pleas. We first recognized that a guilty plea could be valid despite a defendant's inability to remember the circumstances of the offense in *State ex rel. Norgaard v. Tahash*, 110 N.W.2d 867, 872 (Minn. 1961). When taking Norgaard's guilty plea to second-degree assault, the prosecutor described "the events and circumstances which formed the basis of the information pertaining to the alleged assault." *Id.* at 868–69. But when the State asked

8

Norgaard whether the facts alleged in the information were true, he said he could not remember but "had been told what happened by others." *Id.* at 869. Nevertheless, Norgaard persisted in his desire to plead guilty, and the district court ultimately accepted his guilty plea to second-degree assault. *Id.* On appeal, we concluded the plea was valid, observing the following:

> [i]f we were to say under the record here that reversible error was committed, we would be ruling in effect that no matter how obvious the crime or how anxious the accused might be to plead guilty, if he said he did not recall what happened, the court should not under any conditions accept such a plea.

*Id.* at 872. Because Norgaard did not challenge the factual basis in his case, we did not address what constitutes a sufficient factual basis for a guilty plea when a defendant cannot remember committing the offense.

Over 30 years later, in *State v. Ecker*, 524 N.W.2d at 717, we observed that although *Alford* and *Norgaard* pleas present "two unique situations in which a defendant may plead guilty without unequivocally admitting his or her guilt," a district court should accept a *Norgaard* plea with the same caution as an *Alford* plea and "affirmatively ensure an adequate factual basis." *Id.* at 716–17. In *Ecker*, we considered whether there was a sufficient factual basis for a guilty plea that was not clearly an *Alford* or a *Norgaard* plea. *Id.* at 716. Ecker pleaded guilty to intentional felony murder, but during his plea colloquy told the court that he could not remember "pulling the trigger, although he remembered going into the gas station and robbing it." *Id.* at 715. On appeal, Ecker argued that his plea was inaccurate because he had not acknowledged he had an intent to kill. *Id.* at 716. We did not determine whether the defendant's plea was an *Alford* or a *Norgaard* plea

9

before assessing whether the factual basis was sufficient. Instead, we *equated* the two types of pleas in observing that a district court must accept both "with caution" after "affirmatively ensur[ing] an adequate factual basis has been established." *Id.* at 716–17. We held that Ecker's plea met "the requirements established by" *Alford* and *State v. Goulette*, as well as *Norgaard*, because the record showed Ecker's plea was "based on his probable guilt and the likelihood a jury would convict him[.]" *Id.* at 717. We did not, however, directly address what constitutes a sufficient factual basis for an accurate plea because we were focused on whether the record established that Ecker reasonably believed the State had sufficient evidence to convict him.[5] *See id.*

We clarified the accuracy requirement for an *Alford* plea in *State v. Theis*, holding that an *Alford* plea must be supported by both a "strong factual basis and the defendant's agreement that the evidence is sufficient to support his conviction[.]" 742 N.W.2d at 649. We observed that these dual requirements provide the district court "a basis to independently conclude that there is a *strong* probability that the defendant would be found guilty of the charge to which he pleaded guilty, notwithstanding his claims of innocence." *Id.* But we did not expressly decide whether this heightened factual basis standard should also apply to *Norgaard* pleas.

---

[5]     In *Ecker*, we observed that we "discourage the use of leading questions to establish a factual basis" because "the defendant should be encouraged to state in his or her own words why he or she is willing to plead guilty notwithstanding a claim of innocence or a claimed loss of memory." 524 N.W.2d at 717. In addition, because it was unclear from the record whether the defendant's plea was an *Alford* or *Norgaard* plea, we emphasized the importance of clearly indicating the type of plea a defendant is entering and confirming that the defendant understands the legal implications of such a plea. *See id.*

Against this backdrop, the State argues that a *Norgaard* plea does not require a district court to ensure the strong factual basis required in an *Alford* plea, because the two pleas differ in one significant respect: In an *Alford* plea, a defendant's guilty plea "is actually contradicted by his claim of innocence," *Theis*, 742 N.W.2d at 649, while a defendant entering a *Norgaard* plea makes no claim of innocence. According to the State, because a defendant can enter a *Norgaard* plea without claiming innocence, it does not implicate the internal contradiction inherent in an *Alford* plea.

For purposes of the accuracy requirement, however, this is a distinction without a difference. In *Alford*, the United States Supreme Court observed that there was no perceptible "material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence." *Alford*, 400 U.S. at 37. Because "an express admission of guilt" is "not a constitutional requisite to the imposition of criminal penalty," the Supreme Court concluded that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is *unwilling or unable* to admit his participation in the acts constituting the crime." *Id.* (emphasis added). While defendants who enter *Alford* pleas may maintain their innocence because they are "unwilling" to admit committing the crimes alleged, *Alford* recognized that some defendants may choose to plead guilty because they are *unable* to admit the acts constituting a crime. *Id.*

Here, for example, Steichen professed he was unable—rather than unwilling—to admit to specific facts that satisfied the elements of fifth-degree criminal sexual conduct. Steichen acknowledged that he was not making any claim that he was innocent, but

11

indicated he was unable to remember the circumstances leading up to the alleged offense due to intoxication. Regardless of whether a defendant pleads guilty because they are unwilling or unable to admit committing an offense, the requirement that a defendant admit facts and circumstances of the offense protects against the risk that the defendant will plead guilty to a crime more serious than that of which they could have been convicted at trial. *See Theis*, 742 N.W.2d at 649. Because the risks are the same in both *Alford* and *Norgaard* pleas, we do not see any reason this accuracy requirement should be different for a *Norgaard* than for an *Alford* plea.[6]

---

[6]   The dissent asserts that the United States Supreme Court in *Alford* and this court in *Theis* "implied … that the factual basis for an *Alford* plea must be heightened above the 'adequate factual basis' required for other types of pleas *because* the defendant claims innocence." *Infra* at D-4. We disagree. To the contrary, the *Alford* Court implied that the constitutional concerns are the same whether a defendant refuses to admit guilt or maintains innocence. 400 U.S. at 35. In *Alford*, considering for the first time whether it is constitutional for a defendant to plead guilty while maintaining innocence, the Court looked to its reasoning in *Hudson v. United States*, 272 U.S. 451 (1926), a case in which it had determined that the constitution allows a defendant to be sentenced to prison for "a plea of nolo contendere, a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial." *Alford*, 400 U.S. at 35. The Court observed that "[t]he fact that [Alford's] plea was denominated a plea of guilty rather than a plea of nolo contendere is of no constitutional significance with respect to the issue now before [the Court], for the Constitution is concerned with the practical consequences, not the formal categorizations, of state law." *Id.* at 37. The Court further stated that an express admission of guilt is "not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is *unwilling or unable* to admit his participation in the acts constituting the crime." *Id.* (emphasis added). Here, too, we must consider whether the Constitution requires something different of a plea in which a defendant does not expressly admit his guilt from a plea in which a defendant maintains his innocence. Consistent with *Alford*, we conclude that constitutional accuracy requires the same of both—a strong factual basis to protect a defendant from pleading guilty to a crime more serious than that of which they could have been convicted at trial.

12

We also reject the State's argument that *Ecker* and *Theis* established two distinct standards for the factual bases required for *Alford* and *Norgaard* pleas. According to the State, *Ecker* requires only that the factual basis for a *Norgaard* plea be "adequate," 524 N.W.2d at 717, as opposed to the "strong" factual basis *Theis* requires for an *Alford* plea. 742 N.W.2d at 649. The State's argument is unpersuasive for several reasons.

First, we did not characterize the plea in *Ecker* as a *Norgaard* plea. *See Ecker*, 524 N.W.2d at 717. Because Ecker claimed *both* lack of memory and lack of intent, we relied on our cases on *both Alford* and *Norgaard* pleas. *See id.* at 716–17. We observed that while a district court must accept a *Norgaard* plea, like an *Alford* plea, "with caution[,] … *Alford*, *Goulette* and *Norgaard*, and the cases that have followed, allow Ecker to plead guilty without expressing the requisite intent so long as he believed the state's evidence was sufficient to convict him." *Id.* at 717. As such, our conclusion that there was an adequate factual basis to support Ecker's guilty plea did not address whether the factual basis requirement for a valid *Norgaard* plea is different from the requirement for a valid *Alford* plea.

Second, while the State is correct that in *Ecker* we said that "an adequate factual basis" is necessary to ensure a plea's accuracy, we did not define what constitutes "an adequate factual basis." *Id.* at 716. In fact, we did not explicitly state what constitutes an adequate factual basis for *either* a *Norgaard* or an *Alford* plea until 13 years after *Ecker*, in *Theis*, where we stated that an *Alford* plea must be supported by a "strong factual basis." 742 N.W.2d at 649. Thus, prior to today, we have not expressly determined the standard for the factual basis required to ensure a *Norgaard* plea's accuracy.

13

Because a defendant entering an *Alford* plea will not, and a defendant entering a *Norgaard* plea cannot, attest to facts proving guilt, we hold that both pleas must be supported by a strong factual basis in addition to a defendant's agreement that the evidence is sufficient to support conviction. These dual requirements allow a district court to reach a conclusion—independent of the defendant's own assessment of the strength of the case against them—as to whether there is a strong probability the defendant would be found guilty at trial of the offense to which they are pleading guilty. *See id.*

B.

In addition, we hold that to establish a strong factual basis, the State must, at minimum, describe the type of evidence it would present at trial. This is consistent with our discussion in *Theis* about how the State should establish a strong factual basis. 742 N.W.2d at 649. There we observed that "the better practice" is to discuss the facts with the defendant on the record at the plea hearing:

> This discussion may occur through an interrogation of the defendant about the underlying conduct and the evidence that would likely be presented at trial, the introduction at the plea hearing of witness statements or other documents, or the presentation of abbreviated testimony from witnesses likely to testify at trial, or a stipulation by both parties to a factual statement in one or more documents submitted to the court at the plea hearing.

*Id.* In determining whether there is a strong factual basis for an *Alford* or a *Norgaard* plea, a district court is tasked with ensuring that a defendant who enters either plea is protected from "pleading guilty to a more serious offense than he could be convicted of were he to insist on his right to trial." *Id.* (citation omitted) (internal quotation marks omitted). This

14

protection is fortified by requiring that the factual basis for either an *Alford* or a *Norgaard*

plea constitute more than a general affirmation that the alleged conduct meets the

elements of the crime—it requires a description of the evidence the State would present at

trial sufficient for the district court to independently conclude that there is a strong

probability that the defendant is guilty of the elements of the crime to which they are

pleading guilty.[7]

II.

Having concluded that both *Alford* and *Norgaard* pleas must be supported by a

strong factual basis, we now consider whether the factual basis for Steichen's *Norgaard*

plea meets this requirement.

Steichen pleaded guilty to fifth-degree criminal sexual conduct, which requires

that (1) the defendant engaged in sexual penetration with the victim, and (2) the sexual

penetration occurred without the victim's consent. Minn. Stat. § 609.3451, subd. 1. The

State argues that even if we apply a heightened factual basis standard to Steichen's case,

the prosecutor's summary description of the incident during Steichen's plea hearing

established a strong factual basis to support Steichen's guilt. We disagree.

At his plea hearing, Steichen stated that he had been drunk on the day of the

offense and could not remember what happened. The entirety of the factual basis for the

plea derives from a single question the prosecutor asked Steichen:

> And the evidence you talked about reviewing with your attorney would
> establish, though, that on June 5th of this year, you were in Richfield,

---

[7]     The dissent contends that we should clarify here that this rule does not apply
retroactively. The question of retroactivity, however, is not before us.

15

> Hennepin County, when you encountered a male with the initials of C.T., and at some point the two of you engaged in sexual penetration. Specifically, you put your penis in his mouth and he either said no or resisted in some way, making that nonconsensual. You understand that that's the evidence that the State would present in this case?

The State did not provide any description of the type of evidence it would offer to show that Steichen engaged in nonconsensual sexual penetration with C.T. Nevertheless, the State argues that this is a sufficient factual basis even under the strong-factual-basis standard.

Neither the United States Supreme Court's decision in *Alford* nor ours in *Goulette* supports the State's assertion. The pleas in each of those cases were supported by stronger factual bases than submitted here. In *Alford*, the United States Supreme Court held there was a strong factual basis for a plea to second-degree murder after multiple witnesses, including a police officer, testified during a "summary presentation" of the State's case. *Alford*, 400 U.S. at 28. Although no eyewitnesses testified, the testimony "indicated that shortly before the killing Alford took his gun from his house, stated his intention to kill the victim, and returned home with the declaration that he had carried out the killing." *Id.* The Court reasoned that when viewing Alford's plea "in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered," its validity could not be seriously questioned. *Id.* at 37–38.

In *Goulette*, we held that there was a sufficient factual basis for an *Alford* plea where defense counsel "recited in summary form some of the key evidence which the prosecution would have offered … to prove first-degree murder if the case had gone to

16

trial." 258 N.W.2d at 761. The summary in *Goulette* included not only reviewing ten

witnesses' anticipated testimony, but also Goulette's own affirmation of the statement he

made to police.[8] *See Theis*, 742 N.W.2d at 647. While we upheld the factual basis for

Goulette's pleas, we also observed the following:

> In future similar cases, especially those involving major felonies, a better practice would be the introduction, by the prosecutor, of statements of witnesses or other items from his file which would aid the court in its determination. In appropriate cases, the prosecutor might even consider calling some of the state's witnesses for the purpose of giving a shortened version of what their testimony would be were the case to go to trial.

*Goulette*, 258 N.W.2d at 761.

Contrary to the records supporting the defendants' valid pleas in *Alford* and

*Goulette*, the factual basis offered to support Steichen's plea included no evidence beyond

Steichen's affirmative answer "yes" to the State's question: "[Y]ou put your penis in [the

victim's] mouth and he either said no or resisted in some way, making that

nonconsensual. You understand that that's the evidence that the State would present in

this case?" While Steichen acknowledged that there was a substantial likelihood that a

jury would find him guilty beyond a reasonable doubt of fifth-degree criminal sexual

conduct at trial based on his review of the State's evidence with his attorney, the single

question the prosecutor posed was not strong evidence of Steichen's actual guilt.

Steichen's acknowledgment amounted to him simply agreeing that the State could

---

[8] The court in *Goulette* did not describe the content of this evidence in analyzing whether the factual basis was sufficient; in *Theis*, however, we reviewed the appellate record in *Goulette* that supported the factual basis for Goulette's pleas. *See Theis*, 742 N.W.2d at 647. This recitation comes from *Theis's* review of *Goulette's* appellate record. *See id.*

17

establish the elements of the offense charged. Although the prosecutor indicated he was seeking to confirm Steichen's understanding of "the evidence" the State would present at trial, nowhere in questioning Steichen (or anywhere else in the record) did the State submit, identify, or describe any evidence—testimony or exhibits—it possessed and intended to introduce to prove Steichen's conduct satisfied those elements. Steichen was thus not presented with—and did not agree to—a factual basis that would have allowed the district court to *independently* conclude that he was not pleading guilty to a crime more serious than the facts would support or that he did not commit. At minimum, the State needed to describe key evidence it would have presented at trial to secure a fifth-degree criminal sexual conduct conviction. We therefore conclude that Steichen's *Norgaard* plea was invalid because it was not supported by a strong factual basis to allow the district court to independently conclude that there was a strong probability that Steichen would be found guilty of fifth-degree criminal sexual conduct at trial.

## CONCLUSION

For the foregoing reasons, we affirm the decision of the court of appeals.

Affirmed.

18

DISSENT

McKEIG, Justice (dissenting).

For putting his penis in the mouth of a vulnerable adult, Paul James Steichen was charged with two counts of third-degree criminal sexual conduct. Minn. Stat. § 609.344, subd. 1(a)–(b). After consulting with his attorney, Steichen accepted a plea negotiation. The State agreed with Steichen's request to enter a *Norgaard* plea to a lesser charge of fifth-degree criminal sexual conduct, Minn. Stat. § 609.3451, subd. 1, in exchange for dismissal of the second count of third-degree criminal sexual conduct.[1] And Steichen did just that. At the plea hearing, Steichen agreed that the State would present evidence showing that Steichen put his penis in the victim's mouth and the victim either said no or resisted. He agreed that the State would show that he engaged in nonconsensual sexual penetration. Steichen thus agreed to facts establishing the elements of fifth-degree criminal sexual conduct. *See* Minn. Stat. § 609.3451, subd. 1. He repeatedly and expressly affirmed, both in writing and on the record, that he was not claiming to be innocent of this crime. By taking advantage of this plea bargain, Steichen pleaded guilty to a felony that carried only a presumptive probationary sentence, in contrast to the

---

[1]     A conviction for third-degree criminal sexual conduct carries a much harsher statutory maximum sentence and collateral consequences than fifth-degree criminal sexual conduct: the maximum statutory sentence for third-degree is 15 years and requires mandatory conditional release after prison, Minn. Stat. §§ 609.344, subd. 2(1), 609.3455, subd. 6; the maximum statutory sentence for fifth-degree is two years, Minn. Stat. § 609.351, subd. 3(a), with no mandatory conditional release.

presumptive 53–74-month executed prison sentence he faced if convicted for third-degree criminal sexual conduct.[2]

The court nonetheless determines that Steichen may withdraw his guilty plea because he claims for the first time on appeal that his plea was inaccurate and therefore invalid. To do so, the court today determines that a valid *Norgaard* plea requires a heightened factual basis in line with an *Alford* plea and concludes Steichen's plea was invalid under this heightened standard. But neither our precedent nor the U.S. Supreme Court's requires the strong factual basis standard the court adopts today for *Norgaard* pleas. And, given the well-reasoned basis for treating *Norgaard* pleas and *Alford* pleas differently, I disagree with the court's decision to adopt that heightened standard for *Norgaard* pleas. I would thus hold that Steichen's plea satisfies the adequate factual basis standard required for *Norgaard* pleas. I would also hold that Steichen's plea meets even the heightened standard reserved for *Alford* pleas. And I would further clarify that the court's newly announced rule does not apply retroactively. Accordingly, I respectfully dissent.

### A.

A constitutionally valid guilty plea must be accurate, voluntary, and intelligent. *State v. Theis*, 742 N.W.2d 643, 646 (Minn. 2007). A plea that fails to meet any of these requirements is invalid. *Id.* The accuracy requirement serves a protective purpose:

---

[2]    Given Steichen's criminal history score and the severity of the third-degree criminal sexual conduct offense, Steichen's presumptive sentence for the offense under the sentencing guidelines was anywhere from 53–74 months.

ensuring a defendant does not plead guilty to a more serious charge than the defendant could be convicted of at trial. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). To meet the accuracy requirement, a proper factual basis must be established. *Id.* To determine whether a plea is supported by "an adequate factual basis, we examine whether there are sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which [the defendant] desires to plead guilty." *Lussier v. State*, 853 N.W.2d 149, 154 (Minn. 2014) (citation modified).

For nearly 50 years, Minnesota has recognized three types of guilty pleas: typical pleas, *Alford* pleas, and *Norgaard* pleas. *See Ecker*, 524 N.W.2d at 716–17. In a typical case where a defendant admits guilt, "an adequate factual basis is usually established by questioning the defendant and asking the defendant to explain in [the defendant's] own words the circumstances surrounding the crime." *Id.* at 716. This approach, however, does not work in "two unique situations in which a defendant may plead guilty without unequivocally admitting [the defendant's] guilt": *Alford* pleas and *Norgaard* pleas. *Id.* at 716–17. In *Alford* pleas, first adopted by this court in *State v. Goulette*, 258 N.W.2d 758 (Minn. 1977), the defendant "maintains [their] innocence" but "reasonably believes, and the record establishes, the state has sufficient evidence to obtain a conviction." *Ecker*, 524 N.W.2d at 716; *see also Theis*, 742 N.W.2d at 647. By contrast, in *Norgaard* pleas, first authorized by this court in *State ex rel. Norgaard v. Tahash*, 110 N.W.2d 867 (Minn. 1961), the defendant "claims a loss of memory, through amnesia or intoxication, regarding the circumstances of the offense," and the record "establish[es] that the evidence against the defendant is sufficient to persuade the defendant and [the

defendant's] counsel that the defendant is guilty or likely to be convicted of the crime charged." *Ecker*, 524 N.W.2d at 716–17. When accepting either an *Alford* or a *Norgaard* plea, a district court must do so with caution and "affirmatively ensure an adequate factual basis has been established in the record." *Id.* at 717.

As the court notes, we determined in *Theis* that a district court must apply a heightened factual basis standard to *Alford* pleas. *Theis*, 742 N.W.2d at 649 (citing *North Carolina v. Alford*, 400 U.S. 25, 37–38 (1970)). That is because "[a]n *Alford* plea is not supported by the defendant's admission of guilt, and is actually contradicted by his claim of innocence; precedent therefore requires a strong factual basis for an *Alford* plea." *Id.* We noted that the U.S. Supreme Court held that a "strong factual basis for the plea" was enough to "substantially negate[] [Alford's] claim of innocence." *Id.*; *see Alford*, 400 U.S. at 37–38. Thus, we implied, if not held, that the factual basis for an *Alford* plea must be heightened above the "adequate factual basis" required for other types of pleas because the defendant claims innocence. We then continued that this "strong factual basis and the defendant's agreement that the evidence is sufficient to support [the defendant's] conviction" together give the court "a basis to independently conclude that there is a strong probability that the defendant would be found guilty of the charge to which [the defendant] pleaded guilty, notwithstanding [the defendant's] claims of innocence." *Theis*, 742 N.W.2d at 649. This is the heightened factual basis standard.

The court asserts that the Supreme Court's discussion of nolo contendere pleas in *Alford* supported the strong factual basis standard for *Alford* pleas and now supports the court's new heightened factual basis standard for *Norgaard* pleas. *Supra* at 12 n.6

D-4

(quoting *Alford*, 400 U.S. at 35–37). But the Supreme Court considered its holding that nolo contendere pleas are constitutional to support its holding that *Alford* pleas are also constitutional. *Alford*, 400 U.S. at 35–37. The Court's statement that a defendant "may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if [the defendant] is unwilling or unable to admit [the defendant's] participation in the acts constituting the crime" goes to the general constitutionality and validity of those pleas—not the factual bases they require. *Id.* at 37. Thus, the court's contention that the Supreme Court's nolo contendere discussion supports a particular factual basis for either *Alford* or *Norgaard* pleas is incorrect.

The court also incorrectly contends that in *Ecker* "we *equated*" *Alford* and *Norgaard* pleas. *Supra* at 10 (quoting *Ecker*, 524 N.W.2d at 716–17). In *Ecker*, we described both types of pleas as applying in "two *unique* situations"—unique not only from a typical plea, but also from each other—and explained *Alford* and *Norgaard* pleas in two separate paragraphs, including what the record must establish for each type of plea to be accurate. 524 N.W.2d at 716–17 (emphasis added). While we noted that district courts must exercise caution and ensure that adequate factual bases exist when accepting either type of plea, we neither equated the pleas nor suggested that the factual basis required for each plea was the same. That we discussed the plea standards together when applying them in *Ecker* was not because the plea standards were the same; it was because the issue presented in that case was whether a sufficient factual basis for the plea required the defendant to have acknowledged that he intended to kill the victim as part of his guilty plea. *Id.* at 717. The answer was the same regardless of the type of plea the

D-5

defendant submitted: the defendant could "plead guilty without expressing the requisite intent so long as he believed the state's evidence was sufficient to convict him." *Id.* The defendant's belief that the state's evidence is strong enough to result in a conviction is a feature of both factual basis standards, but it is not the only requirement of either standard. *Id.* at 716–17 (noting *Alford* pleas require both that the defendant believe and that the record establish that "the state has sufficient evidence to obtain a conviction," and *Norgaard* pleas require that "the record must establish that the evidence … is sufficient to persuade the defendant and [the defendant's] counsel that the defendant" is either "guilty or likely to be convicted" or both). To describe *Ecker* as equating *Alford* and *Norgaard* pleas oversimplifies and stretches our analysis in that case past its breaking point.

The court states that we have not expressly decided the factual basis required to ensure the accuracy of a *Norgaard* plea, where the defendant does not maintain their innocence. But the answer is readily available in our case law. Under *Ecker* and *Fisher*, the record in a *Norgaard* plea "must establish that the evidence against the defendant is sufficient to persuade the defendant and [the defendant's] counsel that the defendant is guilty or likely to be convicted of the crime charged." *Ecker*, 524 N.W.2d at 716–17; *State v. Fisher*, 193 N.W.2d 819, 820 (Minn. 1972). And under *Lussier* and *Kelsey*, an "adequate factual basis" for a guilty plea exists when there are "sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which [defendant] desires to plead guilty." *Lussier*, 853 N.W.2d at 154 (citation modified); *Kelsey v. State*, 214 N.W.2d 236, 237 (Minn. 1974). In *Kelsey*, we specifically noted that this holding "is in no way inconsistent with our prior holdings in cases such as *State v.*

*Fisher.*" 214 N.W.2d at 237; *see Fisher*, 193 N.W.2d at 820 (upholding the district court's acceptance of the defendant's *Norgaard* plea when the defendant "claimed not to recall the events of the crime" but "did not dispute the evidence which implicated him").

It is a short step, then, to hold that an "adequate factual basis" for a *Norgaard* plea is one that "establish[es] that the evidence against the defendant is sufficient to persuade the defendant and [the defendant's] counsel that the defendant is guilty or likely to be convicted of the crime charged" and "support[s] a conclusion that defendant's conduct falls within the charge to which [the defendant] desires to plead guilty." *Ecker*, 524 N.W.2d at 716–17; *Kelsey*, 214 N.W.2d at 237. I would take this opportunity to so hold.

This holding would also be consistent with the rationale behind different proper factual basis standards for *Norgaard* pleas and *Alford* pleas. To submit a *Norgaard* plea, the defendant claims to not recall the circumstances surrounding the offense but does not maintain innocence; to submit an *Alford* plea, the defendant maintains their innocence. *See Ecker*, 524 N.W.2d at 716–17. As we noted in *Theis*, a "strong factual basis" is necessary for *Alford* pleas because of "the inherent conflict in pleading guilty *while maintaining innocence.*" 742 N.W.2d at 649 (emphasis added). This "inherent conflict" is not present for *Norgaard* pleas—the defendant does not maintain their innocence and instead is convinced by the State's evidence that "the defendant is guilty or likely to be convicted of the crime charged." *Ecker*, 524 N.W.2d at 716 (emphasis added); *see also Fisher*, 193 N.W.2d at 820. Because a defendant submitting a *Norgaard* plea does not

maintain their innocence, a heightened standard is not necessary, and an "adequate factual basis" is sufficient for *Norgaard* pleas. *See Ecker*, 524 N.W.2d at 717.

Despite this clear differentiation, the court characterizes the defendant's claim of innocence as "a distinction without a difference" between *Norgaard* and *Alford* pleas. *Supra* at 11. To support this assertion, the court cites the Supreme Court's observations in *Alford* that there is no "material difference between a plea that refuses to admit commission of the criminal act and a plea containing a protestation of innocence." 400 U.S. at 37. The Court also held that a defendant may plead guilty "even if [the defendant] is unwilling or unable to admit [the defendant's] participation in the acts constituting the crime." 400 U.S. at 37. But while we have incorporated similar language in *Theis* regarding an *Alford* plea, we have never incorporated this language into our *Norgaard* cases. *Contrast Theis*, 742 N.W.2d at 647 (noting scenarios where "a defendant could decide that a guilty plea is the best available course of action despite [the defendant's] inability to admit guilt or [the defendant's] affirmative belief in [their] innocence"), *with Norgaard*, 110 N.W.2d 867, *and Fisher*, 193 N.W.2d 819, *and Ecker*, 524 N.W.2d 712. Additionally, *Alford* involved a defendant who did not admit to conduct constituting a crime because he maintained he did not commit the crime; the Court was not required to determine whether the defendant could plead guilty despite failing to recall whether he engaged in criminal conduct. 400 U.S. at 27. Thus, to the extent that my colleagues rely on any of the Court's statements as applying to a defendant who cannot remember the offense, they are relying on unpersuasive dicta. *See State v. Bonnell*, 31 N.W.3d 527, 542 & n.15 (Minn. 2026) (noting that a statement in a different Supreme

Court opinion was "obiter dicta because it went beyond the facts before the Court and was not necessary or essential to the Court's analysis").

Furthermore, we recognized *Norgaard* pleas in 1961, several years before the U.S. Supreme Court recognized *Alford* pleas. When we later adopted *Alford* pleas in *Goulette* in 1977, we expressly stated that it was the "first time" this court was confronted with the issue of whether "a trial court may accept a plea of guilty by an accused even though the accused protests that he is innocent." *Goulette*, 258 N.W.2d at 761. We did not cite *Norgaard* in *Goulette*. This means that we did not consider lack-of-memory pleas and claim-of-innocence pleas to be the same.

The court now decides that a *Norgaard* plea and an *Alford* plea are functionally the same: they both must be supported by the same heightened factual basis. This decision flies in the face of decades of precedent distinguishing *Norgaard* and *Alford* pleas based on a well-reasoned rationale to treat them differently. I would hold, consistent with our case law, that an "adequate factual basis" for a *Norgaard* plea exists when the record "establish[es] that the evidence against the defendant is sufficient to persuade the defendant and [the defendant's] counsel that the defendant is guilty or likely to be convicted of the crime charged," and there are "sufficient facts on the record to support a conclusion that defendant's conduct falls within the charge to which [the defendant] desires to plead guilty." *Ecker*, 524 N.W.2d at 716; *Kelsey*, 214 N.W.2d at 237. Thus, I dissent.

Also, I would not prescribe a specific procedure for the district court to obtain a factual basis for a *Norgaard* plea, as the court does. We have long held that for all guilty

D-9

pleas—typical, *Norgaard*, and *Alford*—to be accurate, they must have a proper *factual basis*—not a specific procedure. *See Lussier*, 853 N.W.2d at 154; *Ecker*, 524 N.W.2d at 716–17; *Goulette*, 258 N.W.2d at 761; *Theis*, 742 N.W.2d at 647. While we have provided guidance, or "better practice[s]," for entering factual bases for *Alford* pleas, we have never prescribed how the State must do this before today. *See Goulette*, 258 N.W.2d at 761; *Theis*, 742 N.W.2d at 649. Because neither our case law nor the facts of this case compel us to do so here, I also respectfully dissent from this part of the court's opinion.

B.

I would hold that Steichen's *Norgaard* plea satisfied the adequate factual basis standard that I articulated above. I would also hold that the plea satisfied even the strong factual basis standard that the court now requires.

Steichen reviewed the State's evidence with his counsel and, based upon that evidence, believed there was a "substantial likelihood" that he would be found guilty and convicted of fifth-degree criminal sexual conduct at trial. Accordingly, Steichen and his defense counsel entered his *Norgaard* plea. The record reflects that the evidence against Steichen persuaded him that he was either guilty or likely to be convicted. The State then confirmed that Steichen agreed that the evidence would present the following facts at trial, "sufficient to prove [the State's] case beyond a reasonable doubt": on June 5, 2023, in Hennepin County, Steichen sexually penetrated C.T. by putting his penis in C.T.'s mouth, and C.T. "either said no or resisted in some way, making that nonconsensual." These facts, stated on the record, fulfilled the elements necessary to find Steichen guilty

D-10

of fifth-degree criminal sexual conduct. *See* Minn. Stat. §§ 609.3451, subd. 1, 609.341, subd. 12(1).

The plea satisfied both pieces of the adequate factual basis standard. Steichen was persuaded that the State's evidence was likely to result in a guilty verdict for fifth-degree criminal sexual assault, and the facts in the record supported a conclusion that Steichen's conduct fell within that charge. *See Ecker*, 524 N.W.2d at 716; *Kelsey*, 214 N.W.2d at 237.

Likewise, Steichen's plea also met the heightened factual basis standard. The facts constituted a strong factual basis for fifth-degree criminal sexual assault, and Steichen agreed to the evidence's sufficiency such that the district court could independently conclude that there was a strong probability that Steichen would be found guilty of fifth-degree criminal sexual assault at trial. Steichen's plea is unlike the defendant's plea in *Theis*, which we held did not establish a strong factual basis. *Theis*, 742 N.W.2d at 649–50. In *Theis*, we held that the defendant's *Alford* plea did not meet this standard because the defendant failed to acknowledge that the evidence "would be sufficient for a jury to find [the defendant] guilty beyond a reasonable doubt." *Id.* at 650 (noting that the defendant acknowledged only a "mere 'risk' that [the defendant] would be found guilty"). Here, Steichen agreed there was a "substantial likelihood" that he would be found guilty of fifth-degree criminal sexual conduct at trial. Additionally, the plea colloquy in *Theis* did not contain any of the facts that the evidence would prove. *Id.* Here, Steichen agreed that the State would present evidence that he encountered C.T. in Hennepin County, that

Steichen put his penis in C.T.'s mouth, and that this conduct was nonconsensual.[3] Thus, the district court properly accepted Steichen's *Norgaard* plea under either the adequate factual basis or heightened standard. Accordingly, I dissent.

C.

The court does not address whether the new rule that it articulates today applies retroactively or prospectively. To avoid an improper application of the rule that would lead to an onslaught of postconviction petitions asserting inaccurate *Norgaard* pleas, I would specifically note that this holding does not apply retroactively. *See State v. Misquadace*, 644 N.W.2d 65, 72 (Minn. 2002) (expressly applying the new rule of law to that case and prospectively "[g]iven the purposes to be served, the extent of reliance by the parties and courts on previous standards, and the effect of retroactivity on the administration of justice," despite the parties' apparent lack of briefing or argument on retroactive versus prospective application). Generally, a new rule of law applies to "cases pending on direct appeal at the time of the new rule's announcement" and "cases arising

---

[3]      The court asserts that by acknowledging that the State "would establish" these facts, Steichen was "simply agreeing that the State *could* establish the elements of the offense charged." *Supra* at 17–18 (emphasis added). The court's characterization is incorrect and misleading. Steichen agreed that the State "would"—not that the State "could"—establish facts necessary to fulfill the elements of fifth-degree criminal sexual misconduct. "Would" is definitive—if the case went to trial, the State "would establish" facts that would fulfill the necessary elements and, in doing so, prove Steichen guilty of the charged offense. If Steichen only agreed that the State "could" establish those facts, that leaves open the possibility that the State also could not establish those facts. *See Theis*, 742 N.W.2d at 650 (holding that the defendant's *Alford* plea did not meet the heightened standard because the defendant did not acknowledge that the evidence "*would* be sufficient for a jury to find [the defendant] guilty beyond a reasonable doubt" (emphasis added)).

D-12

after the rule is announced." *State v. Kelley*, 855 N.W.2d 269, 283 (Minn. 2014). A new rule "do[es] not apply to defendants whose convictions were final at the time the new rule was announced." *Id.* There are only two exceptions to this general rule of applicability: we apply a new rule retroactively if it (1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe"; or (2) "requires the observance of those procedures that are … implicit in the concept of ordered liberty," in other words, "watershed rules of criminal procedure." *Chambers v. State*, 831 N.W.2d 311, 323 (Minn. 2013) (quoting *Teague v. Lane*, 489 U.S. 288, 307, 311 (1989) (internal quotation marks omitted)). Neither of these exceptions applies here—the new heightened standard for *Norgaard* pleas does not place primary or private individual conduct beyond what "the criminal law-making authority [can] proscribe," and, while the heightened standard is a stark and unnecessary departure from our adequate factual basis standard, it is hardly a "watershed rule[] of criminal procedure." *Id.* (quoting *Teague*, 489 U.S. at 311).

I would state explicitly that this general rule of applicability controls here, and that the new heightened factual basis standard for *Norgaard* pleas applies only to this case, cases pending on direct appeal, and future cases.

\*      \*      \*

Steichen agreed, on the record, that the State would present evidence showing that Steichen put his penis in C.T.'s mouth, and C.T. either said no or resisted. Steichen agreed that the State would show that he engaged in nonconsensual sexual penetration, fulfilling the elements of fifth-degree criminal sexual conduct under Minn. Stat. § 609.3451,

subd. 1. Steichen pleaded guilty because the lesser charge, while still a felony, carried only a presumptive probation sentence, in contrast to the likely 53–74-month sentence he faced for third-degree criminal sexual conduct. This was a voluntary, accurate, and intelligent guilty plea that satisfied the adequate factual basis standard: the evidence against Steichen was sufficient to persuade him that he was guilty or likely to be convicted of fifth-degree criminal sexual conduct, and the record included sufficient facts to support a conclusion that Steichen's conduct constituted fifth-degree criminal sexual conduct. Because I would hold that *Norgaard* pleas require an adequate factual basis and that Steichen's plea satisfied that standard, I would reverse the court of appeals. I would also reverse because Steichen's plea satisfied the heightened factual basis standard previously reserved only for *Alford* pleas. Accordingly, I respectfully dissent.

MOORE, III, Justice (dissenting).

I join in the dissent of Justice McKeig.